## IN RE WALTZ.

[No. 11,652. Filed February 15, 1923.]

MASTER AND SERVANT.—*Workmen's Compensation Act.—Injury to Employe of Independent Contractor.—Application by Contractor's Employer for Award of Compensation.*—The defendant in an action instituted under the Workmen's Compensation Act, §13, (Acts 1919 p. 158, §8020w Burns' Supp. 1921) for injuries to an employe of an independent contractor who is doing work for defendant without the certificate required by §14 of the act (§8020x Burns' Supp. 1921, Acts 1919 p. 158), showing that such contractor has complied with §68 of the Act (§8020z2 Burns' Supp. 1921, Acts 1919 p. 158), is not liable to such employe until his right to collect compensation from his employer has been exhausted within the time prescribed by §8020h1 Burns' Supp. 1921, Acts 1915 p. 392, §24, and such defendant is not entitled to make application under §8020p2 Burns' Supp. 1921, Acts 1919 p. 170, to the Industrial Board asking it to make an award to compensation in favor of the injured employe against his employer.

From the Industrial Board of Indiana.

Certified questions of law.

Proceedings on the application of the Artificial Ice and Cold Storage Company for an award of compensation to one Charles A. Waltz, an employe of an independent contractor. Certified question of law by the Industrial Board. *Question answered.*

*J. W. Fesler, Harvey J. Elam, Howard S. Young* filed briefs in behalf of Artificial Ice and Cold Storage Company and *White, Wright & McKay* appeared and filed briefs in behalf of Waltz.

McMAHAN, J.—The Industrial Board, having under consideration the application of the Artificial Ice and Cold Storage Company asking that compensation be awarded to one Charles A. Waltz, has certified a statement of facts to this court, and asks whether under these facts it has jurisdiction to hear said application and to make an award of compensation to said Waltz.

The facts as certified are as follows: November 22, 1922, the Artificial Ice and Cold Storage Company hereinafter designated as the ice company filed with the Industrial Board an application or complaint against Charles A. Waltz, Hugo Wuelfing, Globe Indemnity Company and Mid-American Mutual Casualty Company, alleging that on October 17, 1921, said Charles A. Waltz, an employe of Hugo Wuelfing, received a personal injury by an accident arising out of and in the course of his employment; that on account of said injuries he was entitled to an award of compensation against Hugo Wuelfing; that at the time when said Waltz received his injury he was performing labor upon work which Wuelfing was doing for said ice company under a contract; that the Globe Indemnity Company was the compensation insurance carrier of Wuelfing; that the ice company did not exact from Wuelfing a certificate from the Industrial Board that he had complied with §68 of the Workmen's Compensation Act (Acts 1919 p. 158, §8020z2 Burns' Supp. 1921); that the Mid-American Mutual Casualty Company was the compensation insurance carrier of the ice company; that Waltz, Wuelfing, the two insurance carriers and the ice company disagreed as to the right of the latter company to have determined the compensation to which Waltz was entitled

under the Workmen's Compensation Act on account of his injury and asking that the Industrial Board make an award granting said Waltz such relief as he may be entitled to under the compensation act.

All the parties named as defendants in said application entered their special appearance before the Industrial Board. Upon this special appearance Charles A. Waltz filed a plea in abatement admitting his injury as alleged in the application, but alleging that when injured the relation of employer and employe did not exist between him and the ice company; that at said time he was an employe of the defendant Wuelfing and that his injury and disability arose out of and in the course of his employment with Wuelfing and under circumstances creating a liability in the ice company under the provisions of §13 of the Workmen's Compensation Act, Acts 1919 p. 158, §8020w Burns' Supp. 1921, and for which injury and disability he was entitled to prosecute an action against the ice company for damages; that on January 3, 1923, he filed his complaint in the Superior Court of Marion county against the ice company for damages; that the ice company appeared to said action, which was still pending and that by reason of such facts the Industrial Board had no jurisdiction over him (Waltz), and had no power or authority to hear and determine the matters alleged in the application of the ice company and to award him compensation

The jurisdiction and authority of the Industrial Board to make the award having been raised, it has certified the above facts to this court and asks whether it has jurisdiction to hear the application of the ice company and to make an award of compensation to said Charles A. Waltz.

Both Waltz and the ice company have filed briefs in support of their contentions. The ice company contends that it is secondarily liable to Waltz for compen-

sation and that because of such liability it has the right under §58 of the Workmen's Compensation Act, Acts 1919 p. 158, §8020p2 Burns' Supp. 1921, to make application to the Industrial Board for a determination of the matters in dispute, while Mr. Waltz contends that he has the right to prosecute an action for damages against the ice company under §13 of said act, §8020w Burns' Supp. 1921, *supra*, and that the Industrial Board has no jurisdiction to award compensation to him on the application of the ice company.

Section 13 of the Workmen's Compensation Act, §8020w Burns' Supp. 1921, *supra*, reads as follows: "Whenever an injury or death, for which compensation is payable under this act, shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employe, or his dependents, in case of death, at his or their option, may claim compensation from the employer or proceed at law against such other person to recover damages or may proceed against both employer and such other person to recover damages or may proceed against both the employer and such other person at the same time, but he or they shall not collect from both; and, if compensation is awarded and accepted under this act, the employer, having paid compensation or having become liable therefor, may collect in his own name or in the name of the injured employe or, in case of death, in the name of his dependents from the other person in whom legal liability for damages exists, the compensation paid or payable to the injured employe or his dependents."

Section 68 of said act, §8020z2 Burns' Supp. 1921, *supra*, provides, among other things, that every employer except agricultural employers and employers of domestic servants, shall register annually before the first day of September with the Industrial Board and

procure a certificate from said board showing such registration.

Section 14, Acts 1919 p. 158, §8020x Burns' Supp. 1921, provides that any person or corporation contracting for the performance of any work without exacting from the contractor a certificate from the Industrial Board that such contractor has complied with said §68, §8020z2 Burns' Supp. 1921, *supra*, shall be liable to the same extent as the contractor for compensation on account of the injury or death of any employe of such contractor, due to an accident arising out of and in the course of the performance of the work covered by such contract. It also provides that every claim filed with the Industrial Board under this section shall be instituted against all parties liable for payment, and the board in its award shall fix the order in which the parties shall be exhausted beginning with the immediate employer.

It is to be observed that §13, §8020w Burns' Supp. 1921, *supra*, relates to injuries or death for which compensation is payable under the act, and which shall have been sustained *under circumstances creating* in some persons other than the employer a *legal liability* for "damages," while said §14, §8020x Burns' Supp. 1921, *supra*, creates only a secondary liability for "compensation" on the part of the person contracting for the performance of any work without exacting from the contractor a certificate from the Industrial Board. This last section has no bearing on the question of damages and creates no liability on the part of any one for damages. It is limited to compensation. The only effect of a failure to exact the certificate referred to, is to make the party so failing "liable to the same extent as the contractor for compensation, physicians' fees, hospital fees, nurses' charges and burial expenses on account of injury or death of any employe of such contractor, due

to an accident arising out of and in the course of the performance of the work covered by the contract."

Charles A. Waltz was not an employe of the ice company. His employer was Hugo Wuelfing and not the ice company. Under §14, §8020x Burns' Supp. 1921, *supra,* Waltz had a right to file with the Industrial Board a claim against the ice company for compensation but this section required that such claim "shall be instituted against all parties liable for payment." In order to comply with this provision of the statute the claim for compensation would have to be instituted against both Hugo Wuelfing and the ice company. All parties liable for the payment of compensation must be before the board in order that their liability and the order of their liability may be fixed. The liability of the ice company because of its failure to exact the certificate required by §68, §8020z2 Burns' Supp. 1921, *supra,* of the act can only be established and fixed by a claim filed with the Industrial Board.

Compensation is awarded for the benefit of the employe. The right to compensation is barred if the claim therefor is not filed with the Industrial Board within two years after the injury. §24, Acts 1915 p. 392, §8020h1 Burns' Supp. 1921. Section 58 of the compensation act, §8020p2 Burns' Supp. 1921, *supra,* provides that if the employer and the injured party fail to reach an agreement in regard to compensation, or if they have reached such an agreement, which has been signed by them and filed with and approved by the Industrial Board and then disagree as to the continuance of payments because of changed conditions since the making of the agreement either party may make an application to the Industrial Board for the determination of the matter in dispute.

The provision of this section, however, relates to and is limited to the employer and to the injured employe, or

his dependents in case of his death. The law makes no provision authorizing one who has contracted with another for the performance of work, and who has failed to exact the certificate referred to in §14 of the act, §8020x Burns' Supp. 1921, *supra*, to file an application with the Industrial Board in order that an award may be made in favor of an injured employe of the contractor. Whether such an award shall be made is a matter in which the employe and the employer alone are interested.

Where the employe and his employer are both operating under the compensation act, as in the instant case, a party occupying the position of the ice company has no interest in prosecuting the claim for compensation. The fact that the injured employe was prosecuting an action against the ice company under §13 of the act, §8020w Burns' Supp. 1921, *supra*, did not give it any right to take any proceedings before the Industrial Board. No action of the Industrial Board or of this court in the instant case can have any bearing on the action pending in the Superior Court for damages. The merits of that action are not before us. We are not informed as to the facts which are alleged in the complaint filed therein and know nothing about the theory upon which that complaint was drawn, and we express no opinion as to the rights of the parties in that action.

For cases bearing upon the liability of third persons, see: *Dettloff* v. *Hammond Standish & Co.* (1917), 195 Mich. 117, 161 N. W. 950, 14 N. C. C. A. 901; *Friebel* v. *Chicago City R. Co.* (1917), 280 Ill. 76, 117 N. E. 467, 16 N. C. C. A. 390 and notes; *Smith* v. *Port Huron Gas & Electric Co.* (1922), 217 Mich. 519, 187 N. W. 292, 21 N. C. C. A. 401 and notes; *Houlihan* v. *Sulzberger & Sons* (1917), 282 Ill. 76, 118 N. E. 429; *Wahlberg* v. *Bowen* (1917), 229 Mass. 335, 118 N. E. 645; *Muncaster* v. *Graham Ice Cream Co.* (1919), 103 Nebr.

379, 172 N. W. 52; *Travelers Ins. Co.* v. *Padula Co.* (1918), 224 N. Y. 397, 121 N. E. 348.

The ice company was not an employer of Waltz and under §14, §8020x Burns' Supp. 1921, *supra,* it was in no event liable to the employer, Wuelfing, and not liable to the employe, Waltz, until after the right of Waltz to collect compensation from Wuelfing and his insurance carrier has been exhausted. We also hold that the ice company has no right or authority to file its application or complaint with the Industrial Board asking it to make an award in favor of the injured employe against his employer and that the board under the facts has no jurisdiction to make such an award. We therefore answer the question submitted by the board in the negative.