Kirt **LACKEY**, Appellant
(Plaintiff Below),

v.

**DUHADWAY COMPANY, INC., and Jack Wainwright d/b/a Wainwright Construction, Appellees (Defendants Below).**

No. 92A03–8911–CV–502.

Court of Appeals of Indiana,
Third District.

Oct. 9, 1990.

Rehearing Denied Nov. 19, 1990.

Daniel A. Roby, G. Stanley Hood, Kathryn J. Roudebush, Roby and Hood, Fort Wayne, for appellant.

John F. Lyons, Barrett & McNagny, Fort Wayne, for appellee Duhadway Co., Inc.

Charles E. Herriman, Phillip E. Stephenson, Browne, Spitzer, Herriman, Browne, Stephenson & Holderead, Marion, for appellee Jack Wainwright d/b/a Wainwright Const.

HOFFMAN, Presiding Judge.

Appellant Kirt Lackey appeals summary judgments in favor of the DuHadway Company and Wainwright Construction. The facts indicate that on January 17, 1987, Kirt Lackey installed vinyl siding on a house in Zanesville, Indiana. As Kirt Lackey took down an antenna from the roof, it made contact with a high voltage power line. As a result, Kirt Lackey suffered severe electrical shock, lost his entire left hand and two fingers on his right hand.

At the time of the accident, Kirt Lackey worked for his father, Owen Lackey, who was a subcontractor for Wainwright Construction which was in turn a subcontractor for the DuHadway Company. The DuHadway Company failed to exact certificates from its subcontractors showing compliance with the Worker's Compensation Act. Kirt Lackey and the DuHadway Company filed a Standard Form of Agreement as to Compensation which was approved on April 28, 1987 by the Worker's Compensation Board. On March 27, 1989, Kirt Lackey filed a tort action against the DuHadway Company and Wainwright Construction. On June 8, 1989, the trial court granted summary judgments in favor of the DuHadway Company and Wainwright Construction on the tort action.

Kirt Lackey contends the trial court erred in granting the summary judgments.

Summary judgment is a procedure for applying the law to the facts when no factual controversy exists and is properly granted where there is no issue of material fact and the moving party is entitled to judgment as a matter of law. *Seiler v. Grow* (1987), Ind.App., 507 N.E.2d 628, 630.

Worker's compensation provides the exclusive remedy for an employee who is injured as a result of an accident arising out of and in the course of employment. IND.CODE § 22-3-2-6 (1988 Ed.).

A worker's compensation claimant can pursue a tort remedy against a third-party tortfeasor who is not the employer or "in the same employ." IND.CODE § 22-3-2-13 (1988 Ed.).

IND.CODE § 22–3–2–14 (1988 Ed.) reads in pertinent part:

"(b) Any principal contractor, intermediate contractor, or subcontractor, who shall sublet any contract for the performance of any work, to a subcontractor subject to the compensation provisions of IC 22–3–2 through IC 22–3–6, without requiring from such subcontractor a certificate from the worker's compensation board showing that such subcontractor has complied with section 5 of this chapter, IC 22–3–5–1, and IC 22–3–5–2, shall be liable to the same extent as such subcontractor for the payment of compensation, physician's fees, hospital fees, nurse's charges, and burial expenses on account of the injury or death of any employee of such subcontractor due to an accident arising out of and in the course of the performance of the work covered by such subcontract.

\*     \*     \*     \*     \*     \*

(d) Every claim filed with the worker's compensation board under this section shall be instituted against all parties liable for payment, and said board, in its award, shall fix the order in which said parties shall be exhausted, beginning with the immediate employer."

*Lewis v. Lockard* (1986), Ind.App., 498 N.E.2d 1024, reaffirmed the rulings in the *Artificial Ice* trilogy (*Artificial I. & C. Co. v. Ryan, Admr.* (1935), 99 Ind.App. 606, 193 N.E. 710; *Artificial Ice, etc., Co. v. Waltz* (1925), 86 Ind.App. 534, 146 N.E. 826; *In re Waltz* (1923), 79 Ind.App. 298, 138 N.E. 94) which held that an injured employee of a subcontractor whose principal contractor failed to exact a certificate of compliance from the worker's compensation board, showing subcontractor compliance with the act, could seek tort damages pursuant to IND.CODE § 22–3–2–13 or worker's compensation payments pursuant to IND.CODE § 22–3–2–14 or seek tort damages and worker's compensation payments at the same time, although the injured worker could collect only one of the remedies.[1]

■ In the present case, the injured worker, Kirt Lackey, entered into a Standard Form for Agreement as to Compensation with the principal contractor, DuHadway Company, in compliance with the statute and approved by the Worker's Compensation Board. An agreement for worker's compensation made in compliance with the statute and approved by the board has the force and effect of a worker's compensation award.

*Indiana University Hospitals v. Carter* (1983), Ind.App., 456 N.E.2d 1051, 1054; *see also:* IND.CODE § 22–3–4–4 and 9(a) (1988 Ed.).

■ After the accident, Kirt Lackey had the option of suing for tort damages or filing for worker's compensation payments or seeking both remedies at the same time. Kirt Lackey could collect only one of the remedies. *Lewis v. Lockard, supra,* 498 N.E.2d at 1026. Kirt Lackey collected the Worker's Compensation Board's award. According to IND.CODE § 22–3–2–14(b) and (d), all parties in the hierarchy of subcontractors were liable for payment of Kirt Lackey's worker's compensation. When Kirt Lackey collected the worker's compensation remedy, he surrendered his option to seek and collect a tort remedy against all the parties liable for his worker's compensation.

Affirmed.

GARRARD and BUCHANAN, JJ., concur.

---

1. Another view states: "Since the general contractor is, in effect, made the employer for the purposes of the compensation statute, it is obvious that he should enjoy the regular immunity of an employer from third-party suit when the facts are such that he could be made liable for compensation." 2A A. Larson, Workmen's Compensation Law § 72.31(a) (1989).