**Gary R. WOLF, Appellant (Plaintiff Below),**

v.

**KAJIMA INTERNATIONAL INC., Subaru–Isuzu Automotive, Inc., Isuzu Motors America, Inc. d/b/a Isuzu Motors Limited, and Fuji Heavy Industries, Ltd., Appellees (Defendants Below).**

**No. 86S05–9403–CV–221.**

Supreme Court of Indiana.

March 7, 1994.

David V. Scott, New Albany, Charles R. Vaughan, Lafayette, John A. Larson, Williamsport, for appellant.

Stephen R. Pennell, Brent W. Huber, Lafayette, James W. Hehner, Indianapolis, for appellees.

ON PETITION TO TRANSFER

SULLIVAN, Justice.

In this case, Gary R. Wolf, appellant-plaintiff below, was badly injured in an on-the-job accident. Wolf was an employee of C.J. Rogers ("Rogers"), a subcontractor of Kajima International Inc., the general contractor on a major construction project for Subaru–Isuzu Automotive, Inc. ("SIA"). Although Rogers had worker's compensation insurance in force at the time of the accident, the insurance had been procured and paid for by SIA.

We grant transfer to adopt and incorporate by reference[1] the holding of the Court of Appeals that an owner or general contractor does not alter its status concerning potential tort liability to employees of contractors or subcontractors by directly purchasing worker's compensation insurance on behalf of subcontractors. *Wolf v. Kajima International* (1993), Ind.App., 621 N.E.2d 1128, 1132.

In this case, SIA argued that the Court of Appeals decision, when read together with *Lackey v. DuHadway Co.* (1990), Ind.App., 560 N.E.2d 671, *trans. denied,* would reward contractors for failing to comply with the

---

1. Pursuant to Appellate Rule 11(B)(3).

Indiana Worker's Compensation act. Ind. Code § 22–3–2–2 et seq. (Burns 1992 and Supp.1993). *Lackey* involved an injured employee of a subcontractor which did not carry worker's compensation insurance. In that case, the Court of Appeals held that when the employee elected to seek worker's compensation from the general contractor, "he surrendered his option to seek and collect a tort remedy against all parties liable for his worker's compensation." *Lackey* at 673. Although Judge Rucker ably distinguished the factual and procedural situation in *Lackey* from that in this case, we acknowledge the inconsistency identified by SIA and hereby disapprove *Lackey* to the extent that it is inconsistent with the holding set forth in the preceding paragraph.

SHEPARD, C.J., DeBRULER, GIVAN and DICKSON, JJ., concur.