**Kim WORRELL and Ron Frantz, Appellants–Plaintiffs,**

v.

**WLT CORPORATION, Clyde Tidwell, David Gleason, Michael O. Lunsford, Joseph Allardt, Jr., Jay Allardt and J. Roberts Dailey, Appellees–Defendants.**

No. 18A05–9312–CV–476.

Court of Appeals of Indiana.

July 31, 1995.

Transfer Denied Dec. 5, 1995.

 

Steven C. Smith, A Professional Corp., Steven C. Smith, Patrick R. Ragains, Anderson, for appellants.

Frank E. Gilkison, William H. Lutz, Beasley Gilkison Retherford Buckles & Clark, Muncie, for appellees.

## OPINION

BARTEAU, Judge.

Kim Worrell and Ron Frantz appeal the trial court's decision granting summary judgment in favor of the defendants, WLT Corporation ("WLT"), Clyde Tidwell, David Gleason, Michael Lunsford, Joseph Allardt, Jr., Jay Allardt, and J. Roberts Dailey, raising two issues which we consolidate and state as whether the trial court erroneously granted summary judgment. We affirm.

## FACTS

The defendants Tidwell, Gleason, Lunsford, Allardt, Jr., Allardt, and Dailey are the shareholders of WLT. WLT owns property in Delaware County, Indiana which it developed into a residential subdivision and a golf course. This appeal concerns the golf course. In early 1989, Frantz, owner of an existing golf course in Muncie, and Worrell, golf director at a resort in Hawaii, discussed building a golf course in Delaware County. Frantz knew that Lunsford, Dailey and the Allardts were planning to develop a golf course through WLT.

In April, 1989, Frantz met with Lunsford because he and Worrell were interested in being involved with the new golf course. WLT needed more investors and Worrell brought in Tidwell and Gleason. Tidwell and Gleason became shareholders of WLT, together owning 60% of the company. Worrell accepted employment with WLT at a salary of $40,000 per year. His duties included coordinating construction of the new course, managing the course once it opened, and giving golf lessons. Frantz was not an employee of WLT but did participate in the construction of the course. Neither Worrell nor Frantz are shareholders of WLT.

In July, 1989, Tidwell and Gleason bought an option to purchase the golf course from

WLT. The option commenced upon completion of the course and continued through July 15, 1994.

In September, 1989, Gleason sent a letter to Worrell and Frantz that stated:

Dear Ron and Kim:

Clyde [Tidwell] and I propose to structure our arrangement with you as follows:

We plan to form a new company, perhaps Players Club, Inc. to own and operate the Woodland Trails Golf Course in Muncie. Assuming our option is exercised, Clyde and I will sell you 30% of this entity for $300,000 and an additional 18% of our option price or an estimated $360,000. I believe that preparation of the documents should be deferred until the course is near completion. This will allow us to plan the tax consequences for everyone's best advantage. Kim will remain an employee of WLT until the option is exercised. Any profits of the golf course prior to the exercise of the option will be credited against your actual purchase price.

A copy of our option is enclosed for your viewing along with correspondence from our lawyer on this.

Please let me know if you have any questions.

At the time of the hearing on the motion for summary judgment, on September 1, 1993, Gleason and Tidwell had not formed a company to purchase the golf course, nor had they exercised the option to purchase the golf course.

### STANDARD OF REVIEW

■ In entering its order of summary judgment, the trial court entered findings of fact. However, those findings have no effect upon our review of the summary judgment, other than to indicate the reason for the trial court's decision. *Wolf v. Kajima Intern, Inc.* (1993), Ind.App., 621 N.E.2d 1128, 1130, *opinion adopted by,* 629 N.E.2d 1237. Rather than relying upon the trial court's findings, we must base our decision upon the materials properly designated to the trial court. *Id.*

■ In summary judgment proceedings, the party moving for summary judgment must show that there are no genuine issues

of material fact and that the movant is entitled to judgment as a matter of law. Once the movant establishes that no genuine issue of fact exists, the party opposing summary judgment must set forth specific facts indicating that there is a genuine issue in dispute. If the nonmoving party fails to meet this burden, summary judgment in favor of the moving party is appropriate. *Pierce v. Bank One–Franklin, NA* (1993), Ind.App., 618 N.E.2d 16, 18, *trans. denied.* Further, the party moving for summary judgment must designate to the trial court all parts of the matters included in the record that it relies on for the motion. The opposing party likewise must designate to the trial court "each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto." Ind.Trial Rule 56(C). Any doubt as to the existence of a factual issue should be resolved against the moving party, construing all properly asserted facts and reasonable inferences in favor of the nonmovant. *Cowe v. Forum Group, Inc.* (1991), Ind., 575 N.E.2d 630, 633.

### DISCUSSION

Frantz and Worrell argue that they have a contract with the defendants to purchase a 48% interest in the golf course and that the defendants have breached that contract by not selling. The defendants argue that a contract does not exist and even if one does, the defendants have not breached it. We agree with the defendants.

■ Frantz and Worrell argue that the September 26 letter represents the contract between the parties. WLT, Lunsford, Allardt, Jr., Allardt, and Dailey are parties to the contract, argue Frantz and Worrell, because Gleason wrote the letter as an agent of WLT and the other defendants. The evidence does not support this argument. Contrary to Frantz and Worrell's argument, knowledge by the other defendants of the arrangement between Tidwell/Gleason and Frantz/Worrell does not make them parties to that arrangement. The contract Frantz and Worrell argue exists does not refer to any obligations on the part of WLT, Lunsford, Allardt, Jr., Allardt, or Dailey. The

trial court properly granted summary judgment in favor of those defendants.

With respect to Tidwell and Gleason, an enforceable contract does not exist between them and Frantz and Worrell. Tidwell and Gleason argue there is not an enforceable contract for several reasons, including lack of an offer, lack of acceptance, and lack of compliance with the Statute of Frauds. They also argue that even if there is a contract, it was not breached because they have not yet exercised their option to purchase the golf course. We need not determine whether an offer was made and accepted or whether the agreement satisfies the Statute of Frauds. Assuming all of those requirements, an enforceable contract does not exist here.

A party breaches a contract when he fails to perform all the obligations which he has agreed to undertake. *Indiana Gas & Water Co. v. Williams* (1961), 132 Ind.App. 8, 175 N.E.2d 31, 34. A condition precedent is either a condition which must be satisfied before an agreement becomes a binding contract or a condition which must be fulfilled before the duty to perform an already existing contract arises. *Knauf Fiber Glass, GmbH v. Stein* (1993), Ind.App., 615 N.E.2d 115, 127, *summarily aff'd in relevant part,* 07 Ind., 622 N.E.2d 163; *see also Hamlin v. Steward* (1993), Ind.App., 622 N.E.2d 535, 539. Here, all of the evidence presented reveals that Tidwell and Gleason agreed to sell 48% of their interest in the golf course *if and when they exercised their option to purchase the golf course.* Exercise of the option is a condition precedent to the agreement becoming a binding contract. Tidwell and Gleason had not exercised their option; thus, there was no enforceable contract with Frantz and Worrell that the defendants could have breached.

The trial court properly granted summary judgment in favor of all defendants.

RUCKER and HOFFMAN, JJ., concur.