Donald RAUSCH, Appellant–Defendant,

v.

Dewayne REINHOLD, and Indiana Insurance Company, Appellees–Defendants.

No. 66A04–9907–CV–301.

Court of Appeals of Indiana.

Sept. 29, 1999.

William H. Kelley, Kelley, Belcher & Brown, Bloomington, Indiana, Attorney for Appellant.

Robert W. Mysliwiec, Jones Obenchain, L.L.P., South Bend, Indiana, Attorney for Dewayne Reinhold.

Peter J. Agostino, Lynn E. Arnold, Hunt Suedhoff, L.L.P., South Bend, Indiana, Attorneys for Indiana Insurance Company.

## OPINION

STATON, Judge

This interlocutory appeal arises from a negligence lawsuit filed by Dewayne Reinhold against Donald Rausch. Rausch appeals from the trial court's denial of his motion for summary judgment. Reinhold cross-appeals from the trial court's denial of his motion to strike Rausch's nonparty

defense and the trial court's entry of final judgment in favor of Indiana Insurance Company.[1] The parties collectively raise three issues, which we restate as:

I. Whether Reinhold is barred by the Indiana Worker's Compensation Act from proceeding with his negligence lawsuit against Rausch.

II. Whether two corporations named by Reinhold as defendants in an amended complaint, but who were later dismissed by the trial court, are nonparties within the meaning of Indiana's Comparative Fault Act.

III. Whether Reinhold is entitled to name Rausch's liability insurer as a party defendant.

We affirm.

Reinhold incurred severe injuries to his arm when his shirt became entangled in the spinning shaft of an auger owned by Rausch. Reinhold's arm had to be amputated. At the time of his injury, Reinhold was employed as a driver for Murray Trucking Company ("Murray"), and he had been assigned to pick up a load of corn at a farm operated by Rausch.

Reinhold filed a negligence lawsuit, naming Rausch as the sole defendant. In his answer, Rausch asserted a nonparty defense, naming Murray and Kewanee Farm Equipment (the manufacturer of the auger) as nonparties. Reinhold subsequently filed an amended complaint, naming Murray and Allied Products Corporation ("Allied") (the owner of Kewanee Farm Equipment) as additional parties. Murray and Allied were later dismissed by the trial court upon their respective motions to dismiss. Reinhold filed a second amended complaint, naming Rausch and Indiana Insurance Company ("IIC") (Rausch's liability insurer) as parties. IIC was later dismissed, and the trial court entered final judgment in favor of IIC.

While his negligence suit was pending, Reinhold filed a worker's compensation claim against Murray. Murray lacked worker's compensation insurance. Reinhold and Murray entered into an agreement, which was approved by the Worker's Compensation Board, whereby Murray agreed to pay $60,000 toward its worker's compensation liability resulting from Reinhold's injury. This agreement by its terms did not represent the entire amount of Murray's worker's compensation liability nor did it relieve Murray of its obligation to pay additional compensation. Later, Reinhold amended his worker's compensation claim to name Rausch as a party with potential liability under the Worker's Compensation Act.

Rausch sought summary judgment in the negligence lawsuit based upon the fact that Reinhold had collected $60,000 in worker's compensation benefits from Murray. Rausch argued that Reinhold is precluded by the Worker's Compensation Act from proceeding with his tort lawsuit against Rausch due to his collection of worker's compensation benefits. The trial court denied Rausch's motion; Rausch appeals.

Reinhold filed a motion to strike Rausch's nonparty defense. Reinhold argued that the definition of a nonparty in the Comparative Fault Act does not include those who have been named as parties but subsequently dismissed. Since Reinhold had added both of Rausch's named nonparties, Murray and Allied, as parties to his lawsuit, he argued that they were not nonparties. Reinhold also argued that Rausch had waived his right to assert a nonparty defense with respect to Murray and Allied because he failed to object to their dismissal. The trial court denied Reinhold's motion and his subse-

1. Technically, Reinhold's appeal from the entry of final judgment in favor of Indiana Insurance Company is not an interlocutory appeal. See Ind. Trial Rule 54(B). However,

this court granted Reinhold's request to consolidate his appeal of the final judgment with this interlocutory appeal.

quent motion to reconsider. Reinhold appeals.

Reinhold also added IIC as a defendant. IIC filed a motion to dismiss, contending that Reinhold's allegations of tortious behavior were only against Rausch and that Reinhold had no direct action against IIC based upon its status as Rausch's liability insurer. The trial court granted IIC's motion to dismiss and later entered final judgment in favor of IIC. Reinhold appeals.

## I.

### The Worker's Compensation Act

Rausch contends that the trial court erred by denying his motion for summary judgment. Specifically, Rausch argues that Reinhold's acceptance of a worker's compensation payment from his employer, Murray, barred Reinhold from pursuing his tort claim against Rausch. Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact, and he is entitled to judgment as a matter of law. Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. *Stephenson v. Ledbetter*, 596 N.E.2d 1369, 1371 (Ind.1992). At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. T.R. 56(C).

When reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh the evidence but will consider the facts in the light most favorable to the nonmoving party. *Reed v. Luzny*, 627 N.E.2d 1362, 1363 (Ind.Ct.App. 1994), *reh. denied, trans. denied.* We may sustain a summary judgment upon any theory supported by the designated materials. T.R. 56(C).

■ Rausch's argument that Reinhold may not proceed with his tort claim against Rausch is based almost exclusively on this court's holding in *Lackey v. DuHadway Co.*, 560 N.E.2d 671 (Ind.Ct.App. 1990), *trans. denied.* In *Lackey*, the appellant was injured while employed by his father. Appellant's father was a subcontractor for Wainwright Construction, which in turn, was a subcontractor for DuHadway Company. DuHadway failed to exact certificates of insurance from its subcontractors showing compliance with the Worker's Compensation Act ("WCA") as required by IND.CODE § 22–3–2–14(b) (1988). IC 22–3–2–14(b) provides that a contractor who fails to exact a certificate of insurance is liable for compensation to the same extent as the subcontractor for injuries to the subcontractor's employees resulting from accidents arising out of and in the course of the performance of work covered by the subcontract. Lackey and DuHadway entered into an agreement whereby DuHadway agreed to pay worker's compensation benefits. Lackey later sued both DuHadway and Wainwright in tort for his injuries.

The trial court granted summary judgment in favor of DuHadway and Wainwright on Lackey's tort claim. Lackey appealed. Citing *Lewis v. Lockard*, 498 N.E.2d 1024 (Ind.Ct.App.1986), *trans. denied*, this court recognized that Lackey had the option of either suing DuHadway and Wainwright in tort pursuant to IND. CODE § 22–3–2–13 (1988) or seeking worker's compensation payments from DuHadway and Wainwright under IC 22–3–2–14(b). *Lackey*, 560 N.E.2d at 673. The court also recognized that Lackey could pursue both remedies at the same time. *Id.* Nevertheless, the court held that Lackey could collect only one remedy, and that because Lackey had chosen to collect the worker's compensation remedy from DuHadway, he was barred from collecting a

tort remedy against all the parties who were liable for Lackey's worker's compensation. *Id.*

Rausch compares the present case to *Lackey* and argues that he is entitled to judgment as a matter of law. We reject Rausch's argument for two reasons. First, the designated evidence does not support Rausch's argument. Second, *Lackey* is based on faulty reasoning and should not be considered good law.

To the extent that we were to consider *Lackey* good law, Rausch has failed to designate evidence demonstrating that he is entitled to judgment as a matter of law. Rausch's argument hinges on him being liable to Reinhold for worker's compensation benefits. *See Lackey,* 560 N.E.2d at 673 ("When [Lackey] collected the worker's compensation remedy, he surrendered his option to seek and collect a tort remedy against all the parties liable for his worker's compensation"). IC 22–3–2–14(a) provides, in part:

> ... any ... person, contracting for the performance of any work exceeding five hundred ($500) in value by a contractor subject to the compensation provisions of IC 22–3–2 through IC 22–3–6, without exacting from such contractor a certificate from the worker's compensation board showing that such contractor has complied with section 5 of this chapter, IC 22–3–5–1, and IC 22–3–5–2, shall be liable to the same extent as the contractor for compensation, physician's fees, hospital fees, nurse's charges, and burial expenses on account of the injury or

death of any employee of such contractor, due to an accident arising out of and in the course of the performance of the work covered by such contract.

In order for Rausch to be liable for worker's compensation under this statute, it must be shown that Rausch failed to exact a certificate of compliance and that Rausch's contract with Murray exceeded $500 in value. Although both of these facts seem likely, neither appear in the designated evidence. The designated evidence reveals that Rausch contracted with Murray to haul corn. The value of the contract is not indicated; thus, we do not know whether Rausch was required to exact a certificate. The designated evidence also reveals that Murray lacked worker's compensation insurance at the time of Reinhold's injury. Although one could infer from this fact that Rausch could not have obtained a certificate since Murray was uninsured, it could also be inferred that Rausch obtained a certificate at a previous time and that Murray's insurance had lapsed. If conflicting inferences can be derived from the undisputed evidence, summary judgment is not appropriate. *Butler v. City of Indianapolis,* 668 N.E.2d 1227, 1228 (Ind.1996).

■ Even if Rausch had designated the proper evidence, we conclude that *Lackey* is based upon faulty reasoning and should not be followed.[2] The WCA permits employees who are injured in accidents arising out of and in the course of their employment to sue third party tortfeasors, so long as the third party is neither the plain-

---

2. *Lackey* has previously been rejected in part by our supreme court. In *Wolf v. Kajima Int'l, Inc.,* 629 N.E.2d 1237 (Ind.1994), the supreme court adopted a court of appeals decision, 621 N.E.2d 1128 (Ind.Ct.App.1993), holding that an owner or general contractor may not insulate itself from potential tort liability to employees of contractors or subcontractors by directly purchasing worker's compensation insurance on behalf of subcontractors. 629 N.E.2d at 1237. The supreme court recognized that this holding was inconsistent with the court of appeals' holding in *Lackey* that "when the employee elected to

seek worker's compensation from the general contractor, 'he surrendered his option to seek and collect a tort remedy against all parties liable for his worker's compensation.'" *Id.* at 1238 (quoting *Lackey,* 560 N.E.2d at 673). The supreme court disapproved of *Lackey* to the extent that it was inconsistent with its holding in *Wolf. Wolf,* 629 N.E.2d at 1238. Since Rausch does not seek relief based upon his having purchased insurance directly for Murray's employee, the supreme court's limited rejection of *Lackey* does not preclude Rausch from using it as authority here.

tiff's employer nor his fellow employee. *Campbell v. Eckman/Freeman & Associates*, 670 N.E.2d 925, 930 (Ind.Ct.App. 1996), *trans. denied;* IND.CODE § 22–3–2–13 (1993). If the third party tortfeasor happens to have contracted with the injured worker's employer for the performance of work, the third party is also subject to liability for worker's compensation benefits to the same extent as the employer if the third party failed to obtain a certificate of compliance and the injury resulted from an accident arising out of and in the course of the performance of the work covered by the contract. IC 22–3–2–14. In *Lewis v. Lockard*, 498 N.E.2d 1024 (Ind.Ct.App. 1986), *trans. denied,* this court rejected a third party's argument that he could not be sued in tort where he is also liable to an injured worker pursuant to IC 22–3–2–14. *Id.* at 1027. We held that an injured employee may proceed against the third party both in tort and under the WCA. *Id.*

On its face, it would appear that permitting the injured employee to recover in tort and under the WCA would result in a double recovery. Such a result would be inconsistent with the WCA's strong policy against double recovery by an injured employee for the same injury. *Lewis*, 498 N.E.2d at 1027. However, as noted in *Lewis*, the act contains elaborate subrogation provisions. *Id.* at 1026–27; *see* IC 22–3–2–13. Among other things, these provisions permit an employer or its insurance carrier to recover the compensation and expenses it paid to or on behalf of an injured employee from the employee's settlement or recovery with a third party tortfeasor. *See* IC 22–3–2–13. Where the third party has liability both in tort and under the WCA, the third party who pays a tort settlement or judgment would be able to utilize the subrogation provisions of IC 22–3–2–13 in order to recover worker's compensation benefits it has paid as a result of its failure to obtain a certificate of compliance.

In *Lackey*, the injured worker accepted worker's compensation benefits from a third party that was liable under IC 22–3–2–14 for failing to obtain a certificate of compliance. The worker later sued the third party who paid the benefits and another third party, who also would have been liable for worker's compensation benefits, in tort. The trial court granted summary judgment to the third parties, and this court affirmed. The court of appeals recognized that the worker could have sought damages in tort, but that because the employee had already collected the worker's compensation remedy, "he surrendered his option to seek and collect a tort remedy against the parties liable for his worker's compensation." *Lackey*, 560 N.E.2d at 673. In so holding, the court cited *Lewis* for the proposition that "Lackey could collect only one of the remedies [worker's compensation or tort]." *Id.* The court misconstrued the meaning of *Lewis*.

In *Lewis*, this court reaffirmed its earlier holdings in the *Artificial Ice* trilogy that an injured employee may maintain an action against a third party both in tort and for worker's compensation benefits under IC 22–3–2–14. 498 N.E.2d at 1026–27 (citing *Artificial Ice & Cold Storage Co. v. Ryan*, 99 Ind.App. 606, 193 N.E. 710 (1935); *Artificial Ice & Cold Storage Co. v. Waltz*, 86 Ind.App. 534, 146 N.E. 826 (1925), *trans. denied; In re Waltz*, 79 Ind.App. 298, 138 N.E. 94 (1923)). In reviewing the *Artificial Ice* trilogy, the court observed that at the time those cases were decided, the WCA permitted an injured employee to pursue both a worker's compensation and a tort remedy at the same time, but that the WCA specifically prevented an employee from collecting both remedies. *Id.* at 1026 (citing *Ryan*, 193 N.E. at 713). *See also*, 1919 Ind. Acts 159, ch. 57, § 13. Under that statutory scheme, *Lackey* would have been correctly decided. However, as we stated in *Lewis*, "the specific provision in the prior version of IND.CODE 22–3–2–13 denying collection for both compensation and

damages has been replaced by the current statutory scheme which also prevents double recovery through elaborate subrogation provisions." 498 N.E.2d at 1026–27. Thus, contrary to the holding in *Lackey,* an injured worker is no longer precluded from collecting both a tort remedy and a worker's compensation remedy.[3] The subrogation provisions of IC 22–3–2–13 protect against double recovery.[4]

Because Rausch failed to designate evidence establishing that he was entitled to judgment as a matter of law and because *Lackey* is not good law, we conclude that the trial court did not err by denying Rausch's motion for summary judgment.[5]

## II.

### Nonparty Defense

■ Reinhold sued Rausch for negligence. In his answer, Rausch named Murray and Kewanee Farm Equipment as nonparties. Reinhold later amended his complaint, adding Murray and Allied (Kewanee's owner) as additional defendants. Both Murray and Allied were subsequently dismissed on their respective motions to dismiss. Reinhold then moved to strike Rausch's nonparty defense on the basis that the definition of a nonparty in Indiana's Comparative Fault Act ("CFA") does not include those who have been named as defendants but subsequently dismissed. Reinhold also argued that Rausch had waived his right to present a nonparty defense with respect to Murray and Allied by failing to object to their dismissal. The trial court denied Reinhold's motion to strike and his subsequent motion to reconsider. Reinhold contends that the trial court erred.[6]

■ A trial court has broad discretion in refusing to grant a motion to strike. *Cua v. Ramos,* 433 N.E.2d 745, 752 (Ind. 1982). The court's decision will not be

3. However, IC 22–3–2–13 does specifically preclude an injured worker who settles with or obtains and collects a judgment against a third party tortfeasor from recovering further worker's compensation benefits. *Ansert Mechanical Contractors, Inc. v. Ansert,* 690 N.E.2d 305, 307 (Ind.Ct.App.1997). Accordingly, in order to collect both remedies, the injured worker must receive worker's compensation before collecting a tort remedy.

4. Rausch contends that in the present case the subrogation provisions do not adequately protect against double recovery, and as such, Reinhold should be denied the right to proceed in tort against Rausch. In the worker's compensation agreement between Murray and Reinhold, Murray waived its subrogation and lien rights as to the $60,000 in benefits it paid. As a result, any tort recovery Reinhold receives from Rausch will not be subject to reduction via the procedures in IC 22–3–2–13 as to this $60,000. Although Rausch is correct that Murray's waiver of its subrogation and lien rights could result in a partial double recovery for Reinhold, we are unwilling to conclude that this possibility requires that Reinhold's tort action be barred as a matter of law. The subrogation provisions operate to protect employers and insurance carriers that have paid benefits, not third party tortfeasors. *See Weis v. Wakefield,* 111 Ind.App. 106, 38 N.E.2d 303, 307 (1941), *trans. denied.*

5. Reinhold's request for costs and attorney's fees for the filing of a frivolous appeal is denied.

6. We reject Rausch's argument that Reinhold has waived the nonparty issue. Reinhold filed a second amended complaint naming IIC as a defendant after his motion to strike Rausch's nonparty defense had been denied. Rausch contends that Reinhold waived his argument regarding the nonparty issue by filing this amended complaint. Rausch cites the rule that "[w]here an amended complaint, complete in itself, is filed, it supersedes the prior complaint and no rulings made upon motions or demurrers addressed to the prior complaint are available as error on appeal." *Inter State Motor Freight System v. Henry,* 111 Ind.App. 179, 38 N.E.2d 909, 911 (1942), *trans. denied.* Reinhold's motion to strike was not addressed to his own prior complaint. Rather, it was addressed to Rausch's answer as it pertained to nonparties. Although Rausch did file an answer to the amended complaint, thereby superseding his prior answer, Rausch continued to assert his nonparty defense. Under these facts, Reinhold was not required to renew his motion to strike in order to avoid waiver.

reversed unless prejudicial error is clearly shown. *Id.*

■ The CFA governs "any action based on fault that is brought to recover damages for injury or death to a person or harm to property...." IND.CODE § 34–4–33–1 (1993).[7] The act requires that fault be allocated to the claimant, any defendants, and any nonparties. IND.CODE § 34–4–33–5 (Supp.1997). This list is exhaustive; fault may only be allocated to parties (the claimant and any defendants) and nonparties. *Bowles v. Tatom,* 546 N.E.2d 1188, 1190 (Ind.1989). Although the parties to an action are relatively easy to discern, determining the nonparties is more difficult. The CFA defines the term nonparty. " 'Nonparty' means a person who caused or contributed to cause the alleged injury, death, or damage to property *but who has not been joined in the action as a defendant.*" IND.CODE § 34–4–33–2 (Supp.1997) (emphasis added).

Referring to the emphasized portion of the nonparty definition, Reinhold initially contends that Murray and Allied cannot be considered nonparties because they have previously been joined in the action as defendants and have been subsequently dismissed. Support for Reinhold's argument can be found in Indiana Supreme Court precedent. In *Handrow v. Cox,* 575 N.E.2d 611 (Ind.1991), the supreme court stated that a dismissed party is not a nonparty as defined by the CFA. *Id.* at 613 n. 1 (citing *Bowles v. Tatom,* 546 N.E.2d 1188 (Ind.1989)). In *Bowles,* the supreme court had considered whether parties dismissed at the close of the plaintiff's case should remain as nonparty defendants for fault allocation purposes.

The court held that the nonparty definition precludes a dismissed party from being named as a nonparty because the definition of nonparty "includes only persons who have *not* been 'joined in the action as a defendant by the claimant.' " *Bowles,* 546 N.E.2d at 1190 (quoting IND.CODE § 34–4–33–2(a) (1988)) (emphasis in original). Although the definition of nonparty has been amended since *Bowles* was decided, the portion of the definition relied upon by the supreme court remains substantively unchanged.[8] Therefore, *Bowles* and *Handrow* remain good law as to this issue.

Although dismissed parties are not nonparties under a strict application of the nonparty definition, the supreme court recognized in *Bowles* that this "[s]trict application ... may be viewed as depriving [the defendant] of the opportunity to attribute all or part of the fault to others." 546 N.E.2d at 1190. Thus, the court created a remedy for defendants who find themselves in the position of losing a potential nonparty defense upon the dismissal of persons who have been parties. The supreme court held:

> In cases where motions at the conclusion of the plaintiff's evidence threaten to remove a party that a remaining defendant claims should remain a party or nonparty for purposes of allocation of fault, such remaining defendant may and should oppose the motion or request that any ruling be delayed until the remaining defendant has an opportunity to present his evidence. In such event, the nature and purpose of the Indiana Comparative Fault Act, together with the efficient administration of justice, would normally result in a trial court's refusal

---

7. The CFA has been recodified at IND.CODE §§ 34–51–2–1 to 34–51–2–19 (1998). For simplicity, we refer to the CFA's prior codification.

8. In 1989, the nonparty definition read as follows: " 'Nonparty' means a person who is, or may be, liable to the claimant in part or in whole for the damages claimed *but who has not been joined in the action as a defendant by the claimant.* A nonparty shall not include

the employer of the claimant." IC 34–4–33–2(a) (1988) (emphasis added). Following the 1995 amendments to the CFA, the definition of a nonparty provides: " 'Nonparty' means a person who caused or contributed to cause the alleged injury, death, or damage to property *but who has not been joined in the action as a defendant.*" IC 34–4–33–2(a) (Supp. 1997) (emphasis added).

to prematurely dismiss and discharge such parties. In the present case, defendant Bowles did not object to the dismissals or otherwise assert any claim that the adjacent property owners, city or mayor should remain for purposes of allocation of fault. Because the statutory burden of proof is upon the defendant with respect to the nonparty defense, failure to timely present such an objection waives the defense as to the dismissed parties.

*Id.*

By its terms, this holding was limited to cases where the party is to be dismissed "at the conclusion of the plaintiff's evidence." *Id.* However, the supreme court later applied it to a dismissal at the summary judgment stage in *Bloemker v. Detroit Diesel Corp.*, 687 N.E.2d 358, 360 (Ind.1997). There, the plaintiff requested that one of three defendants be dismissed with prejudice at a hearing on the other two defendants' motions for summary judgment. The two remaining defendants objected and requested that the third defendant be retained as a nonparty. The trial court granted the motion to dismiss over this objection but did not rule on the nonparty request because the court also granted the two defendants' summary judgment motions. On appeal, the supreme court reversed the grant of summary judgment, and it addressed the defendants' cross-appeal regarding the non-

party issue. Citing *Bowles,* the supreme court reasoned that the same remedy created in that case was applicable to the facts in *Bloemker. Id.* The court held: *"In view of the timely objections and requests [by the defendants] to retain [the dismissed party] as a nonparty,* we find that [the defendants] have preserved their right to assert a nonparty defense as to [the dismissed party]." *Id.* (emphasis added).

Reinhold contends that Rausch failed to object to the dismissal of Murray and Allied, and as a result, that Rausch has waived his right to treat Murray and Allied as nonparties. Rausch counters that he should not be required to object in order to preserve his nonparty defense because Murray and Allied were entitled to be dismissed. We agree with Rausch that a defendant is not required to object to the dismissal of parties that are entitled to be dismissed. Nevertheless, both *Bowles* and *Bloemker* support the conclusion that a defendant must do something prior to a party's dismissal in order to preserve his nonparty defense with respect to that party. Assuming without deciding that Murray and Allied were entitled to be dismissed, Rausch was still required to raise the nonparty issue with the trial court prior to their dismissal by requesting that Murray and Allied remain as nonparties after their dismissal.[9]

9. We recognize that this holding conflicts with at least one earlier opinion of this court. In *Barber v. Cox Communication,* 629 N.E.2d 1253 (Ind.Ct.App.1994), *trans. denied,* the plaintiff sued several defendants. The plaintiff settled with one defendant, and that defendant was dismissed without objection by the two remaining defendants. The two remaining defendants requested to amend their answers to add the dismissed defendant as a nonparty, and the trial court granted their request. On appeal, this court held that it was not error to add the dismissed defendant as a nonparty despite the other defendants' failure to object. *Id.* at 1258. In so holding, we noted that the plaintiff had not objected to the defendants' request to amend their pleadings and that the remaining defendants could not have objected to the voluntary dismissal

of the other defendant. *Id.* In light of the supreme court's subsequent opinion in *Bloemker, Barber* is not good law to the extent that it holds that the nonparty defense is preserved as to a dismissed party without the remaining defendant requesting preservation of the defense prior to dismissal.

Some of the language utilized in two other court of appeals cases could also be construed to conflict with our holding. *See Koziol v. Vojvoda,* 662 N.E.2d 985 (Ind.Ct.App.1996); *Gilliam v. Contractors United,* 648 N.E.2d 1236 (Ind.Ct.App.1995), *trans. denied.* To the extent that these cases can be read to hold that the nonparty defense may be preserved as to a dismissed party without the remaining defendant objecting or requesting preservation of the defense prior to dismissal, we think that they are incorrect in light of *Bloem-*

■ A review of the transcript of the hearing on Murray's and Allied's motions to dismiss is necessary in order to determine whether Rausch preserved his right to raise a nonparty defense. Reinhold did not include the transcript of this hearing in the record of proceedings. Reinhold's failure to include the transcript is inexplicable given that he raised the waiver issue at the trial court level and specifically argued that Rausch failed to raise the issue prior to the dismissal of Murray and Allied. *See* Reinhold Record at 62–63, 72. Thus, Reinhold was aware that the timing of Rausch's assertion of his right to raise the nonparty defense was important, yet he failed to include in the record all of the information necessary for this court to review the matter. It is the appellant's duty to present an adequate record on appeal, and when the appellant fails to do so, he is deemed to have waived any alleged error based upon the missing material. *Adamson v. Norwest Bank, NA,* 609 N.E.2d 35, 37 (Ind.Ct.App.1993). Accordingly, Reinhold has waived his argument that Rausch waived his right to present a nonparty defense with respect to Murray and Allied.

■ Finally, Reinhold contends that if Rausch is permitted to present nonparty defenses with respect to Murray and Allied, the jury should be informed of their immunity. Reinhold raises this argument for the first time on appeal. An appellant may not raise an issue on appeal that was not first presented to the trial court. *Yater v. Hancock County Bd. of Health,* 677 N.E.2d 526, 530 (Ind.Ct.App.1997), *reh. denied.* Thus, Reinhold has waived this argument.

■ Waiver notwithstanding, Reinhold's argument is without merit. The CFA specifically provides that the jury may not be informed of any immunity defense that is available to a nonparty. Ind.Code § 34–4–33–5 (Supp.1997). A dismissed party can be considered a nonparty

as long as the nonparty defense is properly preserved prior to the dismissal. *See Bloemker,* 687 N.E.2d at 360. Since Murray and Allied are to be considered nonparties, the jury may not be informed of their immunity.

### III.

### *Insurer as Defendant*

■ Reinhold contends that he should be permitted to add IIC, Rausch's liability insurer, as a party defendant. Reinhold does not assert that IIC committed an independent tort; rather, he argues that IIC should be added as a defendant because of its relationship to Rausch. Reinhold concedes that he does not have the right as an injured third party to bring a direct action against a wrongdoer's liability insurer under current Indiana case law. *See Martin v. Levinson,* 409 N.E.2d 1239, 1243 (Ind.Ct.App.1980), *trans. denied.* Reinhold asks this court to abandon this well-established rule.

Our supreme court has long held that evidence of a defendant's insurance is not competent in a personal injury action and its admission is prejudicial. *Pickett v. Kolb,* 250 Ind. 449, 237 N.E.2d 105, 107 (1968); *Martin v. Lilly,* 188 Ind. 139, 121 N.E. 443, 445 (1919), *reh. denied.* Likewise, the supreme court has stated that "[u]nder our law the insurance company is not a party" in a personal injury action against the insured. *Lilly,* 121 N.E. at 445. As this court observed in *Rust v. Watson,* 141 Ind.App. 59, 215 N.E.2d 42, 56 (1966), *trans. denied,* any change in this area of the law must come from the legislature or the supreme court. Therefore, we must reject Reinhold's invitation to abandon the rule that an injured third party does not have the right to bring a direct action against a wrongdoer's liability insurer.

Furthermore, we are unpersuaded by Reinhold's argument that our joinder

ker. However, we observe that in both *Koziol* and *Gilliam,* the remaining defendant objected or reasserted the nonparty defense prior to the nonparty's dismissal. *See Koziol,* 662

N.E.2d at 989; *Gilliam,* 648 N.E.2d at 1240. Thus, the result in both *Koziol* and *Gilliam* would have been the same if the holding in the present case had been applied.

rules, *see* Ind. Trial Rules 18 to 20, have effected a change in this rule. These rules do not manifest such an intention. We also reject Reinhold's argument that IND. CODE § 34–51–2–4 (1998) has effected a change. IC 34–51–2–4, which is part of the CFA, provides: "For purposes of sections 6 through 10 of this chapter, a defendant may be treated along with another defendant as a single party where recovery is sought against that defendant not based upon the defendant's own alleged act or omission but upon the defendant's relationship to the other defendant." This statute refers only to the treatment to be afforded a properly named defendant under the CFA. As discussed, a defendant's liability insurer is not a proper defendant under current case law, and IC 34–51–2–4 does not manifest an intention to alter that rule.

Finally, Reinhold notes that Rausch's interests do not coincide with IIC's interests in this case because of Rausch's potential liability for both negligence and worker's compensation. Reinhold contends that it is in Rausch's best interest to lose the negligence lawsuit so as to avoid worker's compensation liability. Reinhold suggests that this difference from the typical case, in which a defendant's interests coincide with the insurer's, justifies a deviation from the rule that the insurer may not be made a party.

We cannot agree that this potential conflict entitles Reinhold to name Rausch's liability insurer as a party. Any concern regarding this matter is Rausch's, not Reinhold's. As Rausch has not requested that IIC be named as a party, we need not address whether a deviation from the rule is justified under these circumstances.

Affirmed.

BAILEY, J., and FRIEDLANDER, J., concur.