

**FILED**

Jun 22 2020, 9:04 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael A. Landisman
Louisville, Kentucky

ATTORNEY FOR APPELLEE
MARK BEEMAN

Douglas A. Hoffman
Carson LLP
Bloomington, Indiana

ATTORNEY FOR APPELLEE STATE
FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

Rodney L. Scott
Carli A. Clowers
Waters, Tyler, Hofmann & Scott,
LLC
New Albany, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Edward Cook,

*Appellant-Plaintiff,*

v.

Mark A. Beeman and State Farm
Mutual Automobile Insurance
Company,

*Appellees-Respondents*

June 22, 2020

Court of Appeals Case No.
19A-CT-2145

Appeal from the Clark Circuit
Court

The Honorable Steven M. Fleece,
Judge

Trial Court Cause No.
10C01-1501-CT-11

**May, Judge.**

[1] Edward Cook appeals following a jury verdict in favor of Mark Beeman in a lawsuit stemming from an automobile accident.[1] Cook asserts the trial court abused its discretion in admitting testimony from Beeman and in denying Cook's motion for a mistrial. Because Cook waived his claims of error, we affirm.

## Facts and Procedural History

[2] Cook worked for a concrete supply company and, as part of his job, regularly visited concrete manufacturing plants in the early morning hours. On February 5, 2013, at approximately 1:30 a.m., Cook drove west along Tenth Street in Jeffersonville and approached the intersection of Tenth Street and Allison Lane. Beeman was traveling north on Allison Lane but was stopped by the traffic control device at the intersection of Tenth Street and Allison Lane as Cook approached. Beeman entered the intersection when the traffic control device gave him a green light, and Cook's car hit the side of Beeman's vehicle.

[3] Cook filed suit on January 29, 2015. The trial court agreed to bifurcate the trial and held a jury trial on the issue of liability on August 13, 2019. Cook and Beeman gave conflicting testimony – Cook testified he had the green light when

---

[1] Cook also included an underinsured motorist claim against State Farm Mutual Automobile Insurance Company in his complaint. State Farm was not present for the trial on liability and does not participate in this appeal. The jury's verdict regarding liability rendered a trial on damages unnecessary.

he entered the intersection, and Beeman testified he waited for the traffic light to turn green before entering the intersection.

[4] On direct examination, Beeman's attorney asked him, "Why did you not sue Mr. Cook?" (Tr. Vol. II at 187.) Beeman answered, "I was compensated for my vehicle. I wasn't injured. There was no, I didn't feel like I had a claim to make against Mr. Cook." (*Id*.) Cook did not object or move to strike this testimony. On cross-examination, Cook asked Beeman, "Who compensated you for your vehicle?" (*Id*. at 190.) Beeman's counsel requested a sidebar conference before Beeman answered the question.[2] Cook asked Beeman a different question after the sidebar conference and his cross-examination continued. The jury rendered a verdict assigning Cook 51% fault and Beeman 49% fault.

# Discussion and Decision

## *1. Admission of Beeman's Testimony*

[5] Cook argues the trial court erred in admitting Beeman's testimony that Beeman did not sue Cook because Beeman was compensated for the damage done to his vehicle. Cook contends such testimony violated a motion in limine.[3] However,

---

[2] The transcript does not indicate what occurred during the sidebar conference because the recording is inaudible.

[3] Cook's brief also relies on Trial Rule 60 to argue he is entitled to a new trial. However, Cook did not file a Trial Rule 60(B) motion or a motion to correct error in the trial court. Therefore, Cook has waived any such argument on appeal. *See JK Harris & Co. LLC v. Sandlin*, 942 N.E.2d 875, 882 (Ind. Ct. App. 2011) (holding

Beeman argues Cook waived any claim of error because he did not object to Beeman's testimony or move to strike the testimony.

[6] We first note that a trial court's ruling on a motion in limine is not a final order, and a party must also object to admission of the evidence at trial to preserve the issue for appeal. *Swaynie v. State*, 762 N.E.2d 112, 113 (Ind. 2002) (holding denial of motion in limine was not an issue available on appeal because party did not object to witness's testimony at trial). Regardless whether a motion in limine was filed, a party has a duty to contemporaneously object to the admission of evidence a party wishes to challenge. *Walnut Creek Nursery, Inc. v. Banske*, 26 N.E.3d 648, 654 (Ind. Ct. App. 2015). "By making a contemporaneous objection, the party affords the trial court the opportunity to make a final ruling on the matter in the context in which the evidence is introduced." *Id*. The failure to contemporaneously object results in waiver of the issue on appeal. *Id*.

[7] Cook did not object when Beeman was asked why Beeman did not sue Cook. Nor did Cook move to strike Beeman's answer to the question. Therefore, Cook waived any claim that the trial court erred in admitting the testimony. *See Myers v. State*, 887 N.E.2d 170, 184 (Ind. Ct. App. 2008) (holding the failure to

party waived arguments under Trial Rule 60 because it did not present the arguments before the trial court), *reh'g denied*, *trans. denied*.

raise an objection to testimony at trial results in waiver of the issue on appeal), *reh'g denied*, *trans. denied*.

### 2. Denial of Request for Mistrial

As we noted in the Facts and Procedural History, after Beeman testified on direct-examination that he was compensated for his vehicle, Cook asked Beeman on cross-examination who compensated him for that vehicle. Beeman immediately requested a sidebar conference, and the parties approached the bench. The discussion that occurred was inaudible on the Record.

In his appellate brief, Cook asserts he argued Beeman opened the door for Cook to ask Beeman about who compensated him for damages to his vehicle, the trial court sustained Beeman's objection to such questioning by Cook, and Cook moved for a mistrial, which the trial court denied. Beeman contends Cook did not move for a mistrial during the sidebar.

Indiana Appellate Rule 31 provides a procedure for litigants to supplement the Clerk's Record when "no Transcript of all or part of the evidence is available." App. R. 31(A). In such a situation, parties may "prepare a verified statement of the evidence" and submit it to the trial court for certification. *Id*. If a party disputes the contents of the verified statement, App. R. 31(B), the trial court can hold a hearing and then modify the statement of evidence proposed by the parties. App. R. 31(C). Indiana Appellate Rule 32 provides: "The trial court retains jurisdiction to correct or modify the Clerk's Record or Transcript at any time before the reply brief is due to be filed. After that time, the movant must

request leave of the Court on Appeal to correct or modify the Clerk's Record or Transcript."

[11] Herein, the parties disagree about what occurred during the inaudible sidebar conference. The trial court's chronological case summary indicates that, on March 16, 2020, Cook filed a motion for the trial court to certify his statement of evidence about what happened during that sidebar conference. *Cook v. Beeman*, 10C01-1501-CT-000011 [https://perma.cc/L25C-FLVC]. However, Cook also filed his reply brief before the Court of Appeals on March 16, 2020. (Appellant's Reply Br. at 1.) Accordingly, the trial court lost jurisdiction to rule on Cook's motion on the same day Cook filed it. *See* App. R. 32(A). Neither party requested a stay in the Court of Appeals to permit the trial court to clarify the Record and, therefore, the trial court does not have jurisdiction to rule on Cook's motion. If the trial court were to rule on the motion, such ruling would be *ultra vires*. *See Schumacher v. Radiomaha Inc.*, 619 N.E.2d 271, 273 (Ind. 1993) (holding trial court did not have jurisdiction to grant Radiomaha's summary judgment motion after Radiomaha perfected the record on appeal from court's prior order setting aside original damage award).

[12] Cook's failure to supplement the record in a timely manner is particularly consequential in this case because we are unable to determine whether Cook moved for a mistrial or what his basis was for such a motion. Further, we do not know the substance of Beeman's objection or what the trial court said in issuing its ruling. "It is the appellant's duty to present an adequate record on appeal, and when the appellant fails to do so, he is deemed to have waived any

alleged error based upon the missing material." *Rausch v. Reinhold*, 716 N.E.2d 993, 1002 (Ind. Ct. App. 1999), *trans. denied*. Therefore, Cook has waived any issues on appeal based on the arguments he made during the inaudible sidebar conference. *See id*. (holding issue waived because of failure to present adequate record on appeal).

# Conclusion

[13] Cook waived any challenge to Beeman's testimony about why Beeman did not sue Cook because Cook did not object to the testimony at trial. Cook also waived any objection to the trial court's limitation on the questions he could ask Beeman about Beeman's insurance coverage and the trial court's denial of his motion for mistrial by failing to present an adequate record on appeal. Therefore, we affirm.

[14] Affirmed.

Robb, J., and Vaidik, J., concur.