**Doris J. BOWLES, Appellant (Defendant Below),**

v.

**William J. TATOM, Appellee (Plaintiff Below).**

**No. 47S01–8911–CV–876.**

Supreme Court of Indiana.

Nov. 28, 1989.

James L. Whitlatch, Bunger, Robertson, Kelley & Steger, Bloomington, for appellant.

Darlene S. McSoley, Steele, Steele & Steele, Bedford, for appellee.

DICKSON, Justice.

In this small-claims property damage action under the Indiana Comparative Fault Act, Ind.Code § 34–4–33–1 to –14, the Lawrence County Court entered judgment finding defendant-appellant Doris J. Bowles 100 percent at fault and awarding damages of $1908.60 plus costs to plaintiff-appellee William J. Tatom. The Court of Appeals affirmed in part, reversed in part, and remanded for further proceedings including a reassessment of fault percentage. *Bowles v. Tatom* (1988), Ind.App., 523 N.E.2d 458.

Vehicles operated by Tatom and Bowles collided in a Bedford, Indiana, intersection on June 14, 1986, when Bowles, unfamiliar with the area, failed to stop for a stop sign that was allegedly obscured by foliage. Tatom's claim against Bowles was denied by her insurer with the allegation that the city was responsible by reason of the obscured stop sign. Tatom filed a timely claim against the city and thereafter commenced this action against Bowles, the City of Bedford, and its mayor. When the answer filed on behalf of the city and mayor named the adjacent property owners as nonparties under the Indiana Comparative Fault Act, Tatom formally named the property owners as additional defendants.

At the ensuing bench trial, Tatom presented evidence including his testimony describing the accident, photographs of the accident scene showing the view of each driver, the Bedford City Police report, a compilation of Bedford ordinances designating through streets, and documents establishing the extent of damage. Follow-

ing the conclusion of the plaintiff's evidence, the trial court granted motions to dismiss the property owners, the city, and the mayor, finding "no evidence" that "either one of these parties has any liability." During the presentation of her case in defense, Bowles submitted photographs which, in contrast to those submitted by plaintiff (to which Bowles did not object), showed the stop sign obscured by foliage. After taking the matter under advisement, the trial court found Bowles to be 100 percent at fault and entered judgment for damages and costs solely against Bowles.

Bowles appealed, contending that the trial court erred in finding her at fault. She argued that the stop sign was not visible and that the proximate cause of the accident was the failure to maintain and assure the sign's visibility. In her argument, she asserted that the dismissal of other parties did not preclude the assessment of fault as against them.

The Court of Appeals declined to find trial court error in determining Bowles at fault, but found that the trial court "should have assessed the percentage of the fault against the party or parties responsible for the stop sign and the obstruction," and that fault percentage could be allocated to the city, the mayor, and the adjacent property owners even though they had been dismissed and even though Bowles did not plead a nonparty defense. 523 N.E.2d at 461.

Following the adverse ruling by the Court of Appeals, Tatom petitioned for transfer. He contends that the decision of the Court of Appeals erroneously a) ruled that named parties in a comparative fault action can revert to nonparty status; b) ruled that the defendant did not bear the burden of proving an affirmative defense, and c) held the dismissal of claims as a bar against plaintiff but allowed the remaining defendant to allocate fault against the dismissed defendants.

Bowles responds that the Indiana Comparative Fault Act was enacted to achieve a fair apportionment of fault to all, and that by holding that the dismissed parties reverted to nonparty status, the decision of the Court of Appeals was consistent with the legislative intent of the Indiana Comparative Fault Act.

We find that the Court of Appeals properly affirmed the trial court's finding of fault on the part of defendant Bowles. We grant transfer to address whether the Indiana Comparative Fault Act requires that parties dismissed at the close of the plaintiff's case remain as nonparty defendants for the purpose of final determination of fault. The answer to this question is not expressly prescribed by the provisions of the Act.

Relevant to our determination are the following sections of the Indiana Comparative Fault Act:

Ind.Code § 34–4–33–2(a). "Nonparty" means a person who is, or may be, liable to the claimant in part or in whole for the damages claimed but who has not been joined in the action as a defendant by the claimant. A nonparty shall not include the employer of the claimant.

Ind.Code § 34–4–33–10(a). In an action based on fault, a defendant may assert as a defense that the damages of the claimant were caused in full or in part by a nonparty. Such a defense is referred to in this section as a nonparty defense.

Ind.Code § 34–4–33–10(b). The burden of proof of a nonparty defense is upon the defendant, who must affirmatively plead the defense. However, nothing in this chapter relieves the claimant of the burden of proving that fault on the part of the defendant or defendants caused, in whole or in part, the damages of the claimant.

Ind.Code § 34–4–33–5(a)(1). The jury shall determine the percentage of fault of the claimant, of the defendant, and of any person who is a nonparty.... [Section 5(c) applies this provision to actions tried by the court without a jury.]

In response to the pre-suit allegations of defendant Bowles's insurer seeking to attribute fault to others, plaintiff Tatom included the city and mayor as named defendants, but presented evidence to establish

the fault of Bowles, whom Tatom claims is primarily responsible. The decision of the Court of Appeals would have the effect of placing plaintiff Tatom at risk [1] of less than full recovery unless he undertakes to present evidence against the other persons to whom defendant Bowles wishes to attribute fault. Such shifting of the burden of proof is contrary to section 10(b) of the Act, and contrary to Ind.Trial Rule 8(C) and Ind.Small Claims Rule 4(A). On the other hand, while Bowles may have sought to direct Tatom to the city for recovery of his damages, she could not name the city as a nonparty because the definition of "nonparty" in section 2 includes only persons who have *not* been "joined in the action as a defendant by the claimant." Strict application of the nonparty definition may be viewed as depriving Bowles of the opportunity to attribute all or part of the fault to others.

This apparent dilemma is resolved by considering the 1984 amendment to section 5 of the Act. In particular, the phrase "a party or nonparties" was substituted for the phrase "persons who are not parties to the action" at the end of both subsections (a)(1) and (b)(1). Ind.Pub.L. 174–1984, Sec. 3. With this change, the legislature significantly narrowed its definition of the class of persons to whom fault could be allocated. The resulting statutory language does not allow for allocation of fault to any persons other than the parties and "any person who is a nonparty."

In cases where motions at the conclusion of the plaintiff's evidence threaten to remove a party that a remaining defendant claims should remain a party or nonparty for purposes of allocation of fault, such remaining defendant may and should oppose the motion or request that any ruling be delayed until the remaining defendant has an opportunity to present his evidence. In such event, the nature and purpose of the Indiana Comparative Fault Act, togeth-

er with the efficient administration of justice, would normally result in a trial court's refusal to prematurely dismiss and discharge such parties. In the present case, defendant Bowles did not object to the dismissals or otherwise assert any claim that the adjacent property owners, city or mayor should remain for purposes of allocation of fault. Because the statutory burden of proof is upon the defendant with respect to the nonparty defense, failure to timely present such an objection waives the defense as to the dismissed parties.

Furthermore, the nature of and procedures established by the Indiana Comparative Fault Act reveal that its primary function is to modify the common law rule of contributory negligence under which a plaintiff only slightly negligent was precluded from recovery of any damages, even as against a relatively highly culpable tortfeasor. In abrogating this harsh rule, the Act allows recovery but reduces such recovery in proportion to any fault of the plaintiff which contributed to the damages. The contributory negligence defense is partially retained as the Act also generally precludes any recovery to a plaintiff with more than 50 percent fault. In furtherance of these objectives, the Act establishes a mechanism by which the factfinder is required to specifically determine the relative degree of the plaintiff's fault with respect to others. This proportional allocation of fault is the means by which the Act's objectives are reached, not the ends to which it aspires.

For these reasons, we conclude that final percentages of fault may be allocated only to a plaintiff, a defendant, and "any person who is a nonparty," applying the section 2 definition of nonparty. Because the municipality and the adjacent property owners do not fall within the statutory definition of "nonparty," the Court of Appeals erred in remanding this cause for reallocation of fault.

**1.** This risk exists because the Indiana Comparative Fault Act does not expressly prescribe whether the common law principle of joint and several liability is abrogated in cases to which the Act is applicable. This is an unresolved issue which has not yet been addressed by amendatory legislation or by this Court.

Transfer is granted, and the judgment of the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.