ATTORNEYS FOR APPELLANT ATTORNEY FOR APPELLEE ATTORNEYS FOR APPELLEE

BOB ALLEN BLOEMKER NORTH MANCHESTER FOUNDRY, DETROIT DIESEL 

INC. CORPORATION

Harry A. Wilson, Jr. 

John A. Payton Michael K. Lulich Michael L. James

WILSON KEHOE & WININGHAM LULICH, MURPHY & DOWLING Jeffrey A. Townsend

Indianapolis, Indiana Indianapolis, Indiana BAKER & DANIELS

Fort Wayne, Indiana 

In The

INDIANA SUPREME COURT

BOB ALLEN BLOEMKER, ) 

Appellant-Plaintiff, )   )

v. ) 85S02-9712-CV-640

) 

DETROIT DIESEL CORPORATION; )

PTI INDUSTRIES, INCORPORATED; )

and NORTH MANCHESTER FOUNDRY, )

INC., )

Appellees, Defendant. )

                          ________________________________________________  

APPEAL FROM THE WABASH CIRCUIT COURT

The Honorable Daniel J. Vanderpool

Cause No. 85C01-9110-CP-488

                        _________________________________________________

On Petition To Transfer

DICKSON, J.

In this negligence claim, 
Bob Bloemker, the plaintiff-appellant, is
 seeking damages for injuries he suffered from an exploding object allegedly owned or supplied by the defendants-appellants Detroit Diesel Corp., PTI Industries, Inc., and North Manchester Foundry, Inc.  
The trial court entered summary judgment against 
Bloemker.  The Court of Appeals affirmed.  
Bloemker v. Detroit Diesel Corp.
 , 655 N.E.2d 117 (Ind.Ct.App. 1995).  Among the issues raised in Bloemker’s appeal is whether a supplier of a chattel has a duty of reasonable care to inspect and discover latent as well as patent defects in the chattel. 

We granted transfer to consider this case in conjunction with 
McGlothlin v. M & U Trucking, Inc.
, 649 N.E.2d 135 (Ind.Ct.App. 1995), which presents the same issue.  In our opinion deciding 
McGlothlin
 today, we reject the latent/patent distinction that would impose no duty to inspect, discover, and warn of latent defects, and we look to the Restatement (Second) of Torts Sections 388 and 392 to guide the resolution of these issues.  
McGlothlin v. M & U Trucking, Inc.
, 53S05-9510-CV-1217, slip op. at 5-6 (Ind. Nov.__, 1997).  For this reason, we vacate the entry of summary judgment and remand this cause to the trial court to reconsider in light of 
McGlothlin
.  

By cross-appeal, Detroit Diesel and North Manchester assert that, in the event summary judgment is reversed, the trial court’s ruling dismissing PTI should be vacated and that PTI should remain a party for purposes of allocation of fault under the Indiana Comparative Fault Act, Indiana Code Sections 34-4-33-1 to -12.  The plaintiff included PTI as a named defendant in the original complaint.  At the hearing on the motions for summary judgment, the plaintiff moved to dismiss defendant PTI with prejudice.  Over the timely objections of both Detroit Diesel and North Manchester, the trial court granted the plaintiff’s motion to dismiss. 

Under Indiana’s comparative fault scheme, a named defendant may assert, within a limited time, a “nonparty defense” seeking to attribute fault to a nonparty rather than the defendant. 
 Ind. Code
 § 34-4-33-10(a) (1993).  When this defense is presented, the jury will be instructed to determine the percentage of fault of each party and “any person who is a nonparty.”  
Ind. Code
 § 34-4-33-5(a)(1) (1993).  Detroit Diesel and North Manchester oppose dismissal because they seek to name PTI as a nonparty, notwithstanding the definition of “nonparty,” which includes only persons who have 
not
 been joined as a defendant.  
Ind. Code
 § 34-4-33-2(a) (1993).

In 
Bowles v. Tatom
, 546 N.E.2d 1188 (Ind. 1989), this Court considered the effect of the dismissal of some, but not all, defendants at the conclusion of the plaintiff’s evidence.  At the conclusion of the trial, the court found the remaining defendant one hundred percent at fault.  We stated:

In cases where motions at the conclusion of the plaintiff’s evidence threaten to remove a party that a remaining defendant claims should remain a party of nonparty for purposes of allocation of fault, such remaining defendant may and should oppose the motion of request that any ruling be delayed until the remaining defendant has an opportunity to present his evidence.  In such event, the nature and purpose of the Indiana Comparative Fault Act, together with the efficient administration of justice, would normally result in a trial court’s refusal to prematurely dismiss and discharge such  parties.  In the present case, defendant Bowles did not object to the dismissals or otherwise assert any claim that [the other parties] should remain for purposes of allocation of fault.  Because the statutory burden of proof is upon the defendant with respect to the nonparty defense, failure to timely present such an objection waives the defense as to the dismissed parties.

Id.
 at 1190.  The plaintiff does not deny that the same reasoning is analogous to the present case, where the dismissal of a co-defendant occurred at summary judgment.  Both situations may deny the defendant an opportunity to assert the statutory nonparty defense.  The remedy should be available in each.  

Because the trial court granted the defendants’ motions for summary judgment, it was not necessary to retain PTI as a nonparty and granting the motion to dismiss PTI  effectively closed the case.  However, now that summary judgment is being vacated and this cause remanded for reconsideration, the outright dismissal of PTI must also be reconsidered.  In view of the timely objections and requests to retain PTI as a nonparty, we find that Detroit Diesel and North Manchester have preserved their right to assert a nonparty defense as to PTI.  The trial court is authorized to permit the inclusion of PTI as a nonparty for purposes of the defendants’ assertion of the nonparty defense. 

Transfer is granted.  As to Part II of the opinion of the Court of Appeals, addressing the duty to inspect, we vacate the trial court’s grant of summary judgment and remand to the trial court for reconsideration in light of 
McGlothlin
, 53S05-9510-CV-1217, slip op. at 5-6.  In all other respects, the Court of Appeals is summarily affirmed.  As to the cross-appeal, we vacate the order dismissing PTI and remand for reconsideration and further proceedings consistent with this opinion.

SHEPARD, C.J., and SULLIVAN and SELBY, JJ., concur.  BOEHM, J., not participating.