NORTH WILLOW OPERATING LLC d/b/a Golden Living Center–North Willow f/k/a Beverly Living Center, a foreign corporation; John Doe One (1); and John Doe Two (2), Appellants–Defendants,

v.

Stephanie CLAY, Appellee–Plaintiff.

No. 49A02–1004–CT–444.

Court of Appeals of Indiana.

March 16, 2011.

Norris Cunningham, Kathryn Elias Cordell, Hall, Render, Killian, Heath, & Lyman, P.C., Indianapolis, IN, Attorneys for Appellants.

Kenneth L. Sales, Sales, Tillman, Wallbaum, Catlett & Satterley, Louisville, KY, Attorney for Appellee.

## OPINION

BROWN, Judge.

North Willow Operating LLC d/b/a Golden Living Center–North Willow, John Doe 1, and John Doe 2 (collectively, "North Willow") bring this interlocutory appeal and argue that the court erred in denying their Motion to Dismiss, Demand for Arbitration and to Compel Arbitration. Finding *sua sponte* that North Willow failed to timely bring this appeal, we dismiss.

On September 8, 2009, Stephanie Clay filed a complaint and demand for jury trial against North Willow in which she alleged that she sustained injuries while a resident at North Willow on or about September 30, 2007 and sought relief under breach of contract and negligence causes of action. On September 16, 2009, North Willow filed a Motion to Dismiss, Demand for Arbitration and to Compel Arbitration (the "Motion to Dismiss"). On October 7, 2009, Clay filed a response to the Motion to Dismiss. After a hearing, the trial court issued an order denying North Willow's Motion to Dismiss on February 8, 2010.

On March 5, 2010, North Willow filed a motion to reconsider in which it requested the court to reconsider and grant the Motion to Dismiss. On March 23, 2010, the court issued an order which stated:

> [North Willow], having filed a Motion to Reconsider this Court's order denying

its [Motion to Dismiss], and the Court not having ruled upon the motion to reconsider within five (5) days of filing, it is therefore ORDERED and ADJUDGED, pursuant to Indiana Rule of Trial Procedure 53.4(b), that [North Willow's] Motion to Reconsider is hereby DENIED.

Appellant's Appendix at 7. North Willow filed a notice of appeal on April 14, 2010.

Initially, we note that the trial court denied North Willow's Motion to Dismiss on February 8, 2010. North Willow did not appeal the February 8, 2010 order within thirty days and thus did not timely file an interlocutory appeal from the order. *See* Ind.Code § 34–57–2–19 (providing that an appeal may be taken from an order denying an application to compel arbitration and that "[t]he appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action"); Ind. Appellate Rule 14 (providing that an interlocutory appeal must be initiated within thirty days of the notation of the order in the chronological case summary).

North Willow did file a motion to reconsider on March 5, 2010. However, Ind. Trial Procedure Rule 53.4 provides in part that a motion to reconsider "shall not ... extend the time for any further required or permitted action, motion, or proceedings under these rules." This court has held that "a motion to reconsider does not toll the time period within which an appellant must file a notice of appeal." *Johnson v. Estate of Brazill,* 917 N.E.2d 1235, 1239 (Ind.Ct.App.2009) (citing *Citizens Indus. Grp. v. Heartland Gas Pipeline, LLC,* 856 N.E.2d 734, 737 (Ind.Ct.App.2006) ("We note that in general civil practice a motion to reconsider does not toll the time period within which an appellant must file a no-

tice of appeal"), *trans. denied* ). Trial Rule 53.4(B) provides in part that "[u]nless such a motion is ruled upon within five (5) days it shall be deemed denied, and entry of service of notice of such denial shall not be required."

For the foregoing reasons, we dismiss this appeal.

Dismissed.

ROBB, C.J., and RILEY, J., concur.