NATIONWIDE INSURANCE COMPA-
NY as subrogee of Edward and Anne
Mickel, and Edward and Anne Mickel,
Appellants–Plaintiffs,

v.

Paul PARMER, II, Rick Ramsey and
Heather Sida, Appellees–
Defendants.

No. 41A01–1008–CT–377.

Court of Appeals of Indiana.

Nov. 29, 2011.

Carolyn Small Grant, Robert G. Grant, Grant & Grant, Indianapolis, IN, Attorneys for Appellants.

Marc Lloyd, Smith Fisher Maas & Howard, Abbey E. Jeziorski, Collignon & Dietrick, Indianapolis, IN, Attorneys for Appellees.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellants–Plaintiffs, Nationwide Insurance Company (Nationwide), as subrogee of Edward and Anne Mickel, and Edward and Anne Mickel individually (collectively, Appellants), appeal the trial court's Orders granting Appellees–Defendants', Paul Parmer, II (Parmer) and Heather Sida (Sida) (collectively, Appellees), motions for leave to amend their affirmative defenses and the trial court's Order denying Appellants' motion to reconsider.[1]

We affirm.

### ISSUES

Appellants raise one issue on appeal, which we restate as: Whether the trial court abused its discretion in allowing Parmer and Sida to amend their affirmative defenses to name previously dismissed party-defendants as nonparties.

On cross-appeal, Appellee Parmer raises one issue, which we restate as: Whether this court has proper jurisdiction to hear Appellants' claim.

### FACTS AND PROCEDURAL HISTORY

In 2006, Edward and Anne Mickel (collectively, the Mickels) owned lakeside property on Grandview Lake in Indiana, insured by Nationwide. On July 3, 2006, the Mickels' neighbor, Parmer, shot off fireworks from his home with the assistance of Sida and Ramsey. That same night, Parmer also witnessed fireworks coming from other properties in the neighborhood owned by Gregory and Deann Baer (collectively, the Baers) and Roger Thompson (Thompson). At or around midnight, the Mickels' lakeside boathouse caught fire and burned down, along with the contents of the boathouse and a connected dock. A Fire Inspector for the Bartholemew County Fire Prevention Bureau investigated the fire and determined that it had been caused by fireworks. He could not, however, identify where the fireworks had originated.

Pursuant to the insurance policy the Mickels held on the boathouse, Nationwide compensated the Mickels for some, but not all, of their damages. On November 7, 2007, Appellants filed a Complaint against Parmer alleging that Parmer's negligence in shooting fireworks off of his property had proximately started the fire that burned down the Mickels' boathouse, and that Parmer's fireworks had trespassed on the Mickels' property. In response, Parmer raised the affirmative defense of nonparty fault, arguing that the damages

---

1. We note that Rick Ramsey (Ramsey) was a party of record before the trial court but has not submitted a brief on appeal.

might have been caused by others not parties to the action. On May 8, 2008, Appellants amended their Complaint to add the Baers and Thompson as party defendants, also alleging that the Baers and Thompson had committed negligence and trespass in shooting off their fireworks. On June 25, 2008, Appellants filed a separate Complaint against Sida and Ramsey, again alleging negligence and trespass. On October 21, 2008, Sida filed an Answer in response to Appellants' Complaint, raising an affirmative defense that the Baers and Thompson were nonparties subject to fault allocation. On December 1, 2008, the trial court consolidated the two pending actions.

On May 5, June 11, and June 15, 2009, Thompson, the Baers, and Ramsey filed respective motions for summary judgment, each claiming that Appellants had not sufficiently established the proximate cause of the Mickels' damages. On June 15, 2009, Parmer filed a response and a motion to join Thompson's motion for summary judgment. In his response, Parmer adopted Thompson's reasoning that Appellants had not demonstrated the proximate cause of the fire. Alternatively, Parmer also asserted that if the trial court alleviated Thompson and the Baers of all liability based on Appellants' inability to show proximate cause, then the trial court should relieve all of the defendants of liability, jointly and severally. In other words, Parmer contended that granting summary judgment solely to Thompson or the Baers would be inappropriate since Parmer had pled as a defense that either Thompson or the Baers might have been the proximate cause of the damages rather than Parmer.

On August 3, 2009, Nationwide filed an objection to Parmer's motion to join Thompson's motion for summary judgment. On October 1, 2009, the trial court held a hearing on all of the pending summary judgment actions. At the conclusion of the hearing, the trial court took the matter under advisement and, on October 29, 2009, granted summary judgment to the Baers only. In its Order, the trial court found that Appellants had not designated evidence of causation with respect to the Baers.

Subsequently, both Parmer and Thompson opposed the trial court's October 29, 2009 Order. On November 30, 2009, Parmer filed a motion for clarification and a motion for reconsideration of the Order. On January 28, 2010, the trial court issued an entry noting that Parmer's motion for clarification and motion for reconsideration had not been ruled upon, and that the period for the ruling had expired under Indiana Trial Rules 53.3 and 53.4. Also on November 30, 2009, Parmer filed a motion for leave to amend his affirmative defenses to name the Baers as non-parties. On January 4, 2010, the trial court granted Parmer's motion for leave to amend and, on January 11, 2010, Parmer filed an Amended Answer, in which he raised the nonparty fault of the Baers as an affirmative defense.

On November 15, 2009, Thompson filed a motion to correct error, asserting that the trial court had erred in denying his motion for summary judgment in its October 29 Order. On January 11, 2010, the trial court granted Thompson's motion, recognizing that Thompson had not set off fireworks after 11 p.m., and therefore could not have proximately caused the fire in the Mickels' boathouse. Then, on January 27, 2010, the trial court granted Thompson's motion for summary judgment and dismissed Appellants' claims as to Thompson with prejudice.

On February 8, 2010, following Thompson's dismissal, Parmer filed another motion for leave to amend his Answer to

name Thompson as a nonparty. On February 12, 2010, the trial court granted Parmer's motion and on February 18, 2010, Parmer filed a second Amended Answer, thereby raising the nonparty fault of the Baers and Thompson as affirmative defenses.

On February 17, 2010, Appellants filed an objection to Parmer's motion to name Thompson as a nonparty, as well as a motion for the trial court to reconsider its Order granting Parmer leave to name the Baers as nonparties. On March 30, 2010, Sida also filed a motion for leave to amend her affirmative defenses in order to name Thompson and the Baers as nonparties. On April 7, 2010, Appellants filed an objection to Sida's motion. On April 26, 2010, the trial court held a hearing on Appellants' objections and motion to reconsider, and on May 26, 2010, the trial court denied the motion to reconsider and granted Sida's motion for leave to amend her affirmative defenses. On June 11, 2010, Appellants sought certification for an interlocutory appeal of the trial court's May 26 Order granting Sida's motion. On June 16, 2010, Appellants sought certification of the trial court's denial of their motion to reconsider. After the trial court certified both motions, we accepted jurisdiction of this interlocutory appeal.

Appellants now appeal. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### CROSS–APPEAL

Traditionally we would address Appellants' appeal first. However, we will discuss Parmer's argument first because he has raised preliminary jurisdictional questions that we must address before moving to the merits of Appellants' claims.

Parmer contends that Appellants waived their claim regarding the trial court's January 4, 2010 and February 12, 2010 Orders by failing to file timely motions requesting certification for interlocutory appeal. Indiana Appellate Rule 14(B)(1)(a) governs discretionary appeals and states that:

> A motion requesting certification of an interlocutory order must be filed in the trial court within thirty (30) days after the date the interlocutory order is noted in the Chronological Case Summary unless the trial court, for good cause, permits a belated motion. If the trial court grants a belated motion and certifies the appeal, the court shall make a finding that the certification is based on a showing of good cause, and shall set forth the basis for that finding.

Here, the trial court granted Parmer's motion for leave to amend his Answer to name the Baers as nonparties in its January 4, 2010 Order. Appellants did not file a motion requesting certification of this Order within thirty days; instead, they filed a motion to reconsider on February 17—more than thirty days later. Then, when the trial court denied Appellants' motion to reconsider in the trial court's May 26, 2010 Order, Appellants filed a motion requesting certification on June 16, 2010.

We agree with Parmer that Appellants did not meet Indiana Appellate Rule 14(B)(1)(a)'s requirement that a party must file a motion requesting certification of an interlocutory order within thirty days. Trial Rule 53.4 states that "[a motion to reconsider] by any party or the court or such action to reconsider by the court shall not delay the trial or any proceedings in the case, or extend the time for any further required or permitted action, motion, or proceedings under these rules." We have previously interpreted Trial Rule 53.4 as providing that "a motion to reconsider does not toll the time period within which an appellant must file a notice of

appeal." *See North Willow Operating LLC v. Clay*, 943 N.E.2d 438, 439–40 (Ind. Ct.App.2011). We cannot find any cases directly concerning the time limitation for certification of an order for interlocutory appeal, but certification is a necessary step taken prior to filing a notice of appeal. *See* Ind.Appellate Rule 14(B) ("[a]n appeal may be taken from [ ] interlocutory orders if the trial court certifies its order and the [c]ourt of [a]ppeals accepts jurisdiction over the appeal."). Accordingly, we conclude that if a motion to reconsider does not toll the time limit to file a notice of appeal, it necessarily follows that a motion to reconsider does not toll the time limit to certify an order for interlocutory appeal.

We also note, however, that App.R. 14(B)(1)(a) includes an exception to the thirty day time limit, by stating that a trial court may grant a "belated motion" based "on good cause." App.R. 14(B)(1)(a). And the rule further specifies that if a trial court grants the belated motion and certifies the appeal, "the [trial] court shall make a finding that the certification is based on a showing of good cause and shall set forth the basis for that finding."

█ The trial court here did not address the fact that Appellants had filed their motion belatedly, let alone provide a basis for a showing of good cause. The trial court's second Order granting certification for Appellants' interlocutory appeal merely states:

> Comes now [Appellants], having filed their [s]econd [m]otion for [c]ertification of [o]rder for [i]nterlocutory [a]ppeal, which motion pertained to the [trial court's] [d]enial of [Appellants'] [m]otion to [r]econsider [c]ourt's [o]rder [g]rant-

ing [Parmer] [l]eave to [n]ame [the Bears] as [nonparties] and which [m]otion is in the following words and figures to-wit: (H.I.)

> And the [c]ourt, being duly advised in the premises, finds that the statements contained therein are true.

> IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the May 26, 2010 [o]rder [d]enying [Appellants'] [m]otion to [r]econsider is hereby certified for [i]nterlocutory [a]ppeal, all in accord with Ind.App.R. 14(B).

(Appellants' App. p. 93). In Appellants' second motion for certification of the trial court's Order for interlocutory appeal, which the trial court incorporated into its subsequent Order, Appellants did not demonstrate good cause for their belated motion. Instead, Appellants claimed that: "This motion is timely made all in accord with the Indiana Appellate Rules." (Appellants' Amended App. p. 5). Because the trial court incorporated the Appellants' motion into its Order granting certification, and the motion did not acknowledge its belated filing, we conclude that the trial court did not demonstrate good cause for its grant of the belated motion. In sum, we conclude that Appellants did not timely request certification of the January 4 Order and therefore waived their claims regarding the Order on appeal.[2]

## APPEAL

Next, we turn to the merits of Appellants' arguments. On appeal, Appellants argue that the trial court should not have allowed Parmer and Sida to amend their Answers in order to add Thompson and the Baers as nonparty defendants when

---

2. Appellants also admit that they never filed a motion requesting certification of the trial court's February 12, 2010 Order. Based on our reasoning above, we conclude that Appellants have also waived their claims with re-spect to the February 12 Order. As a result, we grant Parmer's motion for partial involuntary dismissal of Appellants' appeal with respect to the trial court's January 4 and February 12 Orders.

Thompson and the Baers had already been dismissed from the lawsuit as party-defendants. As we have already determined that Appellants waived their claims concerning Parmer, we will only analyze this issue with respect to Sida.

■ The trial court has broad discretion in deciding whether to permit amendments to pleadings, and we will only reverse the trial court's decision upon a showing of abuse of that discretion. *Hendrickson v. Alcoa Fuels, Inc.*, 735 N.E.2d 804, 818 (Ind.Ct.App.2000). An abuse of discretion is an erroneous conclusion and judgment, clearly against the logic and effect of the facts and circumstances before the court or the reasonable deductions to be drawn therefrom. *Id.*

The Indiana Code section on comparative fault governs "any action based on fault that is brought to recover damages for injury or death to a person or harm to property." I.C. § 34–51–2–1. "[I]n an action based on fault, a defendant may assert as a defense that the damages of the claimant were caused in full or in part by a nonparty." I.C. § 34–51–2–14. A "nonparty" is defined as "a person who caused or contributed to cause the alleged injury, death, or damage to property but who has not been joined in the action as a defendant." I.C. § 34–6–2–88.

Appellants direct us to two cases that discuss the issue of whether a former party-defendant may be named a nonparty after dismissal from a lawsuit: *Bowles* and *Bloemker.* In *Bowles,* the supreme court denied Bowles' argument that fault could be allocated to former party-defendants who had been dismissed from the case. *Bowles v. Tatom,* 546 N.E.2d 1188, 1190 (Ind.1989). In support of its holding, the supreme court noted two significant factors: (1) that Bowles had failed to object to the trial court's dismissal of the party-defendants, and (2) that Bowles had failed

to plead the nonparty defense with respect to the dismissed parties. *See id.*

Likewise, in *Bloemker,* the supreme court emphasized the importance of raising an objection to a trial court's dismissal of a party-defendant. *Bloemker v. Detroit Diesel Corp.,* 687 N.E.2d 358, 360 (Ind. 1997) ("In cases where motions at the conclusion of the plaintiff's evidence threaten to remove a party that a remaining defendant claims should remain a party or nonparty for purposes of allocation of fault, such remaining defendant may and should oppose the motion or request that any ruling be delayed until the remaining defendant has an opportunity to present his evidence."). The *Bloemker* court extended the requirement to raise an objection to instances where a co-defendant is dismissed at the summary judgment stage of a trial. *Id.* The *Bloemker* court also interpreted *Bowles* as supporting its ruling that a defendant can preserve its right to assert a nonparty defense against a dismissed party-defendant assuming requisite notice to the trial court and the plaintiff. *Id.*

Appellants present two arguments with respect to *Bowles* and *Bloemker.* First, they contend that Sida did not give proper notice to the trial court and Appellants of her intention to add Thompson and the Baers as nonparty defendants. With respect to this argument, we conclude that Appellants misinterpret *Bowles* and *Bloemker.* *Bowles* and *Bloemker* do not stand for the proposition that a defendant must explicitly state an intention to name a dismissed party-defendant as a nonparty. According to *Bowles,* a defendant "may and should oppose [a] motion [to remove a party] or request that any ruling be delayed until the remaining defendant has an opportunity to present his evidence." *Bowles,* 546 N.E.2d at 1190. The *Bowles* court concluded that "Bowles did not ob-

ject to the dismissals or otherwise assert any claim that the adjacent property owners, city or mayor should remain for purposes of allocation of fault." *Id.* Based on this language, we find it apparent that a party-defendant need only object to a dismissal or claim that a party-defendant should remain for purposes of allocation of fault in order to preserve a nonparty defense. Similarly, *Bloemker* only requires that a defendant "oppose the motion [to dismiss] or request that any ruling be delayed." *Bloemker,* 687 N.E.2d at 360.

■ Under this standard, Sida acted appropriately to preserve her affirmative defenses that Thompson and the Baers were nonparty defendants. She responded to both the Baers' motion for summary judgment and Thompson's motion for summary judgment, "oppos[ing] and object[ing] to any portion" calling for the defendants to be dismissed without also dismissing Sida. (Appellee's App. p. 24). Sida also argued that there were genuine issues of material fact that precluded the dismissal of the Baers and Thompson from the case and filed motions to correct the trial court's errors when the trial court dismissed the party-defendants. We find these actions sufficient to fulfill *Bowles'* and *Bloemker's* objection requirements.

Next, Appellants argue that *Bowles* and *Bloemker* do not apply to the case at bar because the party-defendants in *Bowles* and *Bloemker* were dismissed without adjudication of their defenses, whereas Thompson and the Baers were dismissed pursuant to summary judgment. In response to this argument, we recognize that in *Osterloo* we acknowledged a defendant's right to name a former party-defendant as a nonparty, even though that former party-defendant had been dismissed from the case pursuant to summary judgment. *See Osterloo v. Wallar ex rel. Wallar,* 758 N.E.2d 59 (Ind.Ct.App.2001), *trans. de-*

*nied.* Accordingly, we do not find merit in Appellants' argument.

Instead, it is apparent from both *Bowles* and *Bloemker* that a party-defendant may preserve a defense that a dismissed party-defendant is a nonparty for fault allocation provided that the party-defendant gives sufficient notice by objecting to the trial court's dismissal. As we have determined that Sida appropriately objected to the trial court's dismissal, we also conclude that Sida preserved her right to add Thompson and the Baers as nonparty defendants. Therefore, the trial court did not abuse its discretion in allowing her to do so.

### CONCLUSION

Based on the foregoing, we conclude that (1) this court does not have jurisdiction to hear Appellants' claims regarding Parmer; and (2) the trial court did not abuse its discretion in granting Sida's motion for leave to amend her affirmative defenses.

Affirmed.

NAJAM, J. and MAY, J. concur.