**FILED**

Jul 03 2013, 6:56 am

CLERK
of the supreme court,
court of appeals and
tax court



# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**SUSAN MEHRINGER**
Cantrell Strenski & Mehringer, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
ACADIA MERRILLVILLE REALTY, L.P.

**JAMES M. PORTELLI**
**AMI T. ANDERSON**
Spangler, Jennings & Dougherty, P.C.
Merrillville, Indiana

ATTORNEYS FOR APPELLEE BOYD
CONSTRUCTION COMPANY, INC.

**JERRY E. HUELAT**
**JAIME M. OSS**
Huelat Mack & Kreppein P.C.
Michigan City, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PIER 1 IMPORTS (U.S.), INC., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1207-CT-318 |
| | ) | |
| ACADIA MERRILLVILLE | ) | |
| REALTY, L.P. and BOYD | ) | |
| CONSTRUCTION COMPANY, INC., | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Gerald N. Svetanoff, Judge

**July 3, 2013**

**OPINION - FOR PUBLICATION**

**BRADFORD, Judge**

Plaintiff Carolyn Harris slipped and fell on an ice-covered sidewalk in front of a retail store operated by Appellant-Defendant Pier 1 Imports, Inc. ("Pier 1"). Pier 1 leases its retail space from Appellee-Defendant Acadia Merrillville Realty, L.P. ("Acadia"), and their lease agreement requires that Acadia keep the sidewalk free from snow and ice. At the time of the incident, Acadia maintained a contract with Appellee-Defendant Boyd Construction Company, Inc. ("Boyd"), providing that Boyd would keep the sidewalk clear of snow and ice. Mrs. Harris brought a negligence claim against Pier 1, Acadia, and Boyd for injuries she suffered as a result of her slip-and-fall. All three defendants filed motions for summary judgment. The trial court found that Acadia and Boyd did not breach their respective duties of care and granted summary judgment in their favor, while denying Pier 1's motion for the same. As the sole remaining defendant, Pier 1 filed a motion to correct error, arguing that summary judgment in favor of Acadia and Boyd was inappropriate and asserting prejudice from the fact that Pier 1 can no longer allocate fault to Acadia and Boyd as nonparties.

Pier 1 appeals from the trial court's denial of its motion to correct error, again challenging the grant of summary judgment in favor of Acadia and Boyd. Acadia and Boyd

2

claim that Pier 1 lacks standing to challenge the trial court's summary judgment awards because Pier 1 failed to preserve the issue of prejudice by opposing Acadia's and Boyd's motions or advising the trial court of an intent to allocate fault to Acadia and Boyd as nonparties. Because Pier 1 did not have an opportunity to object to Acadia's and Boyd's dismissal prior to the court's ruling on their motions for summary judgment, we conclude that Pier 1 has standing to appeal. On the merits, we conclude that summary judgment in favor of Acadia and Boyd was inappropriate: Whether Acadia discharged its duty of care merely by contracting with Boyd is a question for the jury to decide, and, because there is evidence that additional salting was necessary after Boyd salted the sidewalk, a jury could reasonably infer that Boyd failed to exercise reasonable care in performing its snow and ice removal services. The judgment of the trial court is reversed and remanded for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On February 4, 2009, at a shopping center in Merrillville, Mrs. Harris slipped and fell on an ice-covered sidewalk in front of a retail store operated by Pier 1. Pier 1 leases its retail space from Acadia, who owns the shopping center and the sidewalk at issue. Their lease agreement requires that Acadia keep the sidewalk free from snow and ice. At the time of the incident, Acadia maintained a snow removal contract with Boyd, providing that Boyd would keep the shopping center's sidewalks clear of snow and ice.

Mrs. Harris and her husband, Jimmie Harris, filed suit against Acadia and Pier 1 on March 30, 2009, and later amended their complaint to add Boyd as a defendant. Mrs. Harris claims the three defendants were negligent in their maintenance of the sidewalk, causing her to suffer serious injury from her slip-and-fall. As a result of his wife's alleged injury, Mr.

3

Harris asserts a derivative loss of consortium claim against the defendants. Acadia, Boyd, and Pier 1 filed separate motions for summary judgment, on which the trial court heard oral argument on January 12, 2012. At this hearing, the defendants commonly argued that, because the undisputed facts show that Mrs. Harris was aware that the sidewalk was icy and traversed it anyway, the defendants did not breach any duty of care and are entitled to judgment as a matter of law. Each co-defendant also indicated that summary judgment was appropriate for the other two.

On April 23, 2012, the trial court granted summary judgment in favor of Acadia and Boyd and denied Pier 1's motion for the same. In its order, the court issued the following findings and conclusions thereon:

> [T]he undisputed evidence establishes that Acadia, the landowner, contracted with Boyd to remove snow and ice from the business premises. Moreover, the designated evidence establishes that on the day before the incident Boyd spent 25 ½ man-hours providing snow and ice removal services and on the day of the incident, Boyd's employees returned to the premises at 4:30 in the morning and provided an additional 19 ½ man-hours of snow and ice removal services, including salting. Accordingly, this Court finds that there is no evidence from which it can be reasonably inferred that either Acadia or Boyd failed to use reasonable care in discharging its duty to Harris. Their respective motions for summary judgment should be granted.

Appellant's App p. 25.

> With regard to Pier 1 Imports, however, the evidence establishes that there was an employee in front of the store continuing to salt the sidewalk. A reasonable inference to be drawn from this evidence is that the employee of Pier 1 determined that additional salting of the sidewalk in front of the Pier 1 store was necessary. While she was salting, Harris approached and slipped and fell in front of the store. Pier 1 owed Harris, its business invitee[,] a duty to use reasonable care for her safety and a reasonable inference to be made from the evidence is that Pier 1 breached that duty.
> Moreover, the Pier 1 employee provided no warning to Harris and, in fact, appears to have had her back to Harris as Harris approached. With the

4

knowledge that the sidewalk in front of the store was, in fact, ice-covered[,] requiring additional salting, it is reasonable to infer that the actions of the Pier 1 employee in failing to provide a warning to Harris of the slippery conditions in front of the store was a breach of the duty of care owed by Pier 1 to its business invitee, Harris. Pier 1's motion for summary judgment should be denied.

Appellant's App. pp. 25-26.

On May 22, 2012, Pier 1 filed a motion to correct error, arguing that summary judgment in favor of Acadia and Boyd was inappropriate and asserting that their dismissal as co-defendants precludes Pier 1 from allocating fault to them as nonparties. The trial court denied Pier 1's motion to correct error on June 19, 2012.

## DISCUSSION AND DECISION

Pier 1 argues that the trial court erred in granting summary judgment in favor of Acadia and Boyd. Although the final order entered by the trial court was its denial of Pier 1's motion to correct error, that motion was based on the trial court's grant of Acadia's and Boyd's summary judgment motions; therefore, we review this appeal using the standard applicable to summary judgment rulings. *See Hair v. Schellenberger*, 966 N.E.2d 693, 697 n.3 (Ind. Ct. App. 2012), *trans. denied*. We note for clarity that Pier 1 does not challenge the trial court's denial of its own summary judgment motion, nor has it sought to name Acadia and Boyd as nonparty defendants. We also note that the Harrises are not participating in this appeal.

## I. Standing

As a threshold issue, Acadia and Boyd claim that Pier 1 lacks standing to challenge the trial court's grant of summary judgment in their favor.

5

The issue of standing focuses on whether the complaining party is the proper person to invoke the court's power. *Shourek v. Stirling*, 621 N.E.2d 1107, 1109 (Ind. 1993). To have standing, a party must demonstrate a personal stake in the outcome of the lawsuit and must show, at a minimum, it was in immediate danger of sustaining some direct injury as a result of the conduct at issue. *Id.* One defendant does not have standing to appeal a judgment rendered in favor of a co-defendant unless the defendant suffers some prejudice as a result of the entry of judgment in favor of the co-defendant. *State Highway Commission v. Clark*, 175 Ind. App. 358, 361, 371 N.E.2d 1323, 1326 (1978).

*Shand Mining, Inc. v. Clay Cnty. Bd. of Comm'rs*, 671 N.E.2d 477, 479 (Ind. Ct. App. 1996).

In *U-Haul International, Inc. v. Nulls Machine & Manufacturing Shop*, this court acknowledged that, under Indiana's Comparative Fault Act, "the dismissal of a co-defendant from a case subjects remaining defendants to greater potential liability," and we held this to be "sufficient prejudice to confer standing upon a co-defendant to appeal such a ruling." 736 N.E.2d 271, 280 (Ind. Ct. App. 2000); *see Bowles v. Tatom*, 546 N.E.2d 1188, 1190 (Ind. 1989) (holding that a dismissed party may not be named as a nonparty). We further held that "a defendant must articulate to the trial court any claim it would later assert on appeal concerning the prejudicial effect of the dismissal of one of its co-defendants. The failure to do so waives the claim for purposes of appeal." *Id.* (citing *Rausch v. Reiner*, 716 N.E.2d 993, 1001 (Ind. Ct. App. 1999)). To preserve this claim of prejudice, a party-defendant is not required to "explicitly state an intention to name a dismissed party-defendant as a nonparty." *Nationwide Ins. Co. v. Parmer*, 958 N.E.2d 802, 807 (Ind. Ct. App. 2011) (discussing *Bloekmer v. Detroit Diesel Corp.*, 687 N.E.2d 358, 360 (Ind. 1997); *Bowles*, 546 N.E.2d at 1190). Rather, "a party-defendant need only object to a dismissal or claim that a party-defendant should remain for purposes of allocation of fault…." *Id.* at 808.

6

Acadia and Boyd contend that, because Pier 1 did not oppose their motions for summary judgment or advise the trial court of an intent to allocate fault to Acadia and Boyd as nonparties, Pier 1 has failed to preserve the issue of prejudice for purposes of appeal. The instant matter, however, is distinct from *U-Haul* and its progeny. In *U-Haul*, all but one co-defendant moved for summary judgment, which immediately exposed the non-movant as the "remaining defendant." 736 N.E.2d at 280; *accord Bloemker*, 687 N.E.2d at 360; *Bowles*, 546 N.E.2d at 1190; *Parmer*, 958 N.E.2d at 804-05; *Rausch*, 716 N.E.2d at 1001. Here, all three co-defendants sought summary judgment, asserting a common legal theory in support thereof, and each co-defendant indicated that summary judgment was appropriate for the other two. Unlike in *U-Haul*, the dismissal of some but not all co-defendants was never truly at issue. In this regard, Pier 1 was not exposed as the "remaining defendant" until the trial court ruled on the motions three months after oral argument, at which time Pier 1 timely filed a motion to correct error. Under these circumstances, we conclude that Pier 1 did not have a practical opportunity to object to Acadia's and Boyd's motions prior to the parties' dismissal. "[I]f a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him." Ind. Trial Rule 46. We therefore conclude that Pier 1 has standing to appeal the grant of summary judgment in favor of Acadia and Boyd.

Similar to the issue of standing, Acadia argues that Pier 1 waived its appellate challenge by not opposing Acadia's and Boyd's motions for summary judgment prior to trial court's ruling thereon. Having concluded above that Pier 1 did not have an opportunity to object, we do not find that it has waived its claims for appellate review. T.R. 46.

## II.  Summary Judgment

Pier 1 claims that summary judgment in favor of Acadia and Boyd was inappropriate because there remain genuine issues of material fact as to whether Acadia and Boyd breached their respective duties of care.  Our standard for reviewing a trial court's grant of summary judgment is well settled:

> Summary judgment is appropriate if the "designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Ind. Trial Rule 56(C).  The moving party bears the burden of specifically designating materials that make a prima facie showing that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.  *Interstate Cold Storage, Inc. v. General Motors Corp.*, 720 N.E.2d 727 (Ind. Ct. App. 1999).  If these two requirements are met, the burden shifts to the nonmovant to set forth designated facts showing the existence of a genuine issue for trial.  *Id.*  "A genuine issue of material fact exists where facts concerning an issue which would dispose of the litigation are in dispute or where the undisputed material facts are capable of supporting conflicting inferences on such an issue."  *Id.* at 729.  Even if the facts are not in dispute, summary judgment is inappropriate where the record reveals that the law was not correctly applied.  *General Accident Ins. Co. of America v. Hughes*, 706 N.E.2d 208 (Ind. Ct. App. 1999), *trans. denied.*

*U-Haul*, 736 N.E.2d at 274-75.

"Summary judgment is rarely appropriate in negligence actions[.]"  *Holt v. Quality Motor Sales, Inc.*, 776 N.E.2d 361, 365 (Ind. Ct. App. 2002). "In order to prevail on a claim of negligence the plaintiff must show:  (1) duty owed to plaintiff by defendant; (2) breach of duty by allowing conduct to fall below the applicable standard of care; and (3) compensable injury proximately caused by defendant's breach of duty."  *King v. Northeast Sec., Inc.*, 790 N.E.2d 474, 484 (Ind. 2003) (citing *Ashcraft v. Northeast Sullivan Cnty. Sch. Corp.*, 706 N.E.2d 1101, 1103 (Ind. Ct. App. 1999)).  Here, the trial court granted summary judgment in

8

favor of Acadia and Boyd because it found no evidence from which a jury could reasonably infer that either party breached its duty of care. "[A] breach of duty is usually a matter left to the trier of fact. Only where the facts are undisputed and lead to but a single inference or conclusion may the court as a matter of law determine whether a breach of duty has occurred." *King*, 790 N.E.2d at 484.

We conclude that whether Acadia discharged its duty of care merely by contracting with Boyd is a matter for the jury to decide and is not appropriate for summary disposition. *See King*, 790 N.E.2d at 485 (finding that a jury should decide whether a school district satisfied the duty of care owed to its students merely by contracting with a company to provide security services). There also exists evidence from which a jury could infer that Boyd failed to exercise reasonable care in performing its snow and ice removal services. It is undisputed that Mrs. Harris slipped and fell on a portion of the sidewalk that Boyd had salted less than one hour earlier. And the trial court found that a Pier 1 employee seemingly "determined that additional salting of the sidewalk … was necessary[,]" Appellant's App. p. 25, and had "knowledge that the sidewalk … requir[ed] additional salting." Appellant's App. p. 26. Because there remain genuine issues of material fact on the issue of Acadia's and Boyd's breach of duty, the trial court erred in granting summary judgment in their favor.

The judgment of the trial court is reversed and remanded for further proceedings.

RILEY, J., concurs.

BROWN, J., dissents with opinion.

9

# IN THE
# COURT OF APPEALS OF INDIANA

PIER 1 IMPORTS (U.S.), INC.,     )
      )
    Appellant-Defendant,    )
      )
      vs.     )     No. 45A03-1207-CT-318
      )
ACADIA MERRILLVILLE    )
REALTY, L.P. & BOYD    )
CONSTRUCTION COMPANY, INC.,    )
      )
    Appellees-Defendants.    )

**BROWN, Judge, dissenting**

I respectfully dissent from the majority's conclusion that Pier 1 did not have a practical opportunity to object to the motions for summary judgment by co-defendants Acadia and Boyd prior to those parties' dismissal.

As the majority notes, in U-Haul Intern., Inc. v. Nulls Machine and Mfg. Shop, this court held that, under Indiana's Comparative Fault Act, "the dismissal of a co-defendant from a case subjects remaining defendants to greater potential liability" and that "this is sufficient prejudice to confer standing upon a co-defendant to appeal such a ruling." 736 N.E.2d 271, 280 (Ind. Ct. App. 2000), reh'g denied, trans. denied. The court in U-Haul held that, "[a]s is the case with other kinds of errors, however, we conclude that the remaining co-defendant must do something at the trial court level to preserve the error," that "a defendant must articulate to the trial court any claim it would later assert upon appeal concerning the prejudicial effect of the dismissal of one of its co-defendants," and that "[t]he failure to do so

waives the claim for purposes of appeal." Id. (citing Rausch v. Reinhold, 716 N.E.2d 993, 1001 (Ind. Ct. App. 1999) (noting that "[a]n appellant may not raise an issue on appeal that was not first presented to the trial court"), trans. denied). In U-Haul, the appellant opposed the summary judgment motions filed by its co-defendants and, in doing so, preserved the issue for purposes of appeal. Id.

Further, in Nationwide Ins. Co. v. Parmer, in the context of a request by a party defendant, Sida, to name previously-dismissed party defendants as nonparty defendants, this court recently held that a defendant "need only object to a dismissal or claim that a party-defendant should remain for purposes of allocation of fault in order to preserve a nonparty defense" and that "a party-defendant may preserve a defense that a dismissed party-defendant is a nonparty for fault allocation provided that the party-defendant gives sufficient notice by objecting to the trial court's dismissal." 958 N.E.2d 802, 807-808 (Ind. Ct. App. 2011) (discussing Bowles v. Tatom, 546 N.E.2d 1188, 1190 (Ind. 1989) (stating that the defendant "did not object to the dismissals or otherwise assert any claim that [the other parties] should remain for purposes of allocation of fault" and that "failure to timely present such an objection waives the defense as to the dismissed parties"), and Bloemker v. Detroit Diesel Corp., 687 N.E.2d 358, 360 (Ind. 1997) (noting that the reasoning in Bowles is analogous to a situation where the dismissal of a co-defendant occurred at the summary judgment stage)). In Nationwide, we noted that Sida responded to the motions for summary judgment of both previously-dismissed defendants, "'oppos[ing] and object[ing] to any portion' calling for the defendants to be dismissed without also dismissing Sida." Id. We determined that Sida acted appropriately to preserve her claim that the previously-dismissed defendants were nonparty

11

defendants for fault allocation, that she appropriately objected to the court's dismissal, and that she preserved her right to add the previously-dismissed defendants as nonparty defendants. Id.

In this case, Acadia, Boyd, and Pier 1 filed separate motions for summary judgment. Unlike in U-Haul and Nationwide, Pier 1 did not, either verbally or in writing, oppose or otherwise object to the summary judgment motions filed by co-defendants Acadia and Boyd or claim that they should remain parties to the lawsuit for purposes of allocation of fault. Moreover, the trial court heard oral argument on January 12, 2012, at which each co-defendant indicated that summary judgment was appropriate for the other two co-defendants and Pier 1 presented argument in support of its motion for summary judgment.

Pier 1 had a practical opportunity to oppose or object to the summary judgment motions of Acadia and Boyd, to object to the dismissal of Acadia and Boyd from the lawsuit on the grounds that Pier 1 would be the sole remaining defendant (or to object to the dismissal unless Pier 1 was also dismissed), and to argue that Acadia and Boyd should remain for purposes of allocation of fault. Pier 1 had this opportunity prior to the court's summary judgment rulings in favor of Acadia and Boyd and prior to the parties' dismissal.

Accordingly, based upon the holdings and language in U-Haul and Nationwide and the Indiana Supreme Court opinions upon which they rely, I would find that Pier 1 failed to preserve and thus waived its claim for appeal, and I would affirm the judgment of the trial court.