BROWN, Judge,
dissenting.
I respectfully dissent from the majority’s conclusion that Pier 1 did not have a practical opportunity to object to the motions for summary judgment by co-defendants Acadia and Boyd prior to those parties’ dismissal.
As the majority notes, in U-Haul Intern., Inc. v. Nulls Machine and Mfg. Shop, this court held that, under Indiana’s Comparative Fault Act, “the dismissal of a co-defendant from a case subjects remaining defendants to greater potential liability” and that “this is sufficient prejudice to confer standing upon a co-defendant to appeal such a ruling.” 736 N.E.2d 271, 280 (Ind.Ct.App.2000), reh’g denied, trans. denied. The court in U-Haul held that, “[a]s is the case with other kinds of errors, however, we conclude that the remaining co-defendant must do something at the trial court level to preserve the error,” that “a defendant must articulate to the trial court any claim it would later assert upon appeal concerning the prejudicial effect of the dismissal of one of its co-defendants,” and that “[t]he failure to do so waives the claim for purposes of appeal.” Id. (citing Rausch v. Reinhold, 716 N.E.2d 993, 1001 (Ind.Ct.App.1999) (noting that “[a]n appellant may not raise an issue on appeal that was not first presented to the trial court”), trans. denied). In U-Haul, the appellant opposed the summary judgment motions filed by its co-defendants and, in doing so, preserved the issue for purposes of appeal. Id.
Further, in Nationwide Ins. Co. v. Parmer, in the context of a request by a party defendant, Sida, to name previously-dismissed party defendants as nonparty defendants, this court recently held that a defendant “need only object to a dismissal or claim that a party-defendant should remain for purposes of allocation of fault in order to preserve a nonparty defense” and that “a party-defendant may preserve a defense that a dismissed party-defendant is a nonparty for fault allocation provided *971 that the party-defendant gives sufficient notice by objecting to the trial court’s dismissal.” 958 N.E.2d 802, 807-808 (Ind.Ct. App.2011) (discussing Bowles v. Tatom, 546 N.E.2d 1188, 1190 (Ind.1989) (stating that the defendant “did not object to the dismissals or otherwise assert any claim that [the other parties] should remain for purposes of allocation of fault” and that “failure to timely present such an objection waives the defense as to the dismissed parties”), and Bloemker v. Detroit Diesel Corp., 687 N.E.2d 358, 360 (Ind.1997) (noting that the reasoning in Bowles is analogous to a situation where the dismissal of a co-defendant occurred at the summary judgment stage)). In Nationwide, we noted that Sida responded to the motions for summary judgment of both previously-dismissed defendants, “‘opposing] and objecting] to any portion’ calling for the defendants to be dismissed without also dismissing Sida.” Id. We determined that Sida acted appropriately to preserve her claim that the previously-dismissed defendants were nonparty defendants for fault allocation, that she appropriately objected to the court’s dismissal, and that she preserved her right to add the previously-dismissed defendants as nonparty defendants. Id.
In this case, Acadia, Boyd, and Pier 1 filed separate motions for summary judgment. Unlike in U-Haul and Nationwide, Pier 1 did not, either verbally or in writing, oppose or otherwise object to the summary judgment motions filed by co-defendants Acadia and Boyd or claim that they should remain parties to the lawsuit for purposes of allocation of fault. Moreover, the trial court heard oral argument on January 12, 2012, at which each co-defendant indicated that summary judgment was appropriate for the other two co-defendants and Pier 1 presented argument in support of its motion for summary judgment.
Pier 1 had a practical opportunity to oppose or object to the summary judgment motions of Acadia and Boyd, to object to the dismissal of Acadia and Boyd from the lawsuit on the grounds that Pier 1 would be the sole remaining defendant (or to object to the dismissal unless Pier 1 was also dismissed), and to argue that Acadia and Boyd should remain for purposes of allocation of fault. Pier 1 had this opportunity prior to the court’s summary judgment rulings in favor of Acadia and Boyd and prior to the parties’ dismissal.
Accordingly, based upon the holdings and language in U-Haul and Nationwide and the Indiana Supreme Court opinions upon which they rely, I would find that Pier 1 failed to preserve and thus waived its claim for appeal, and I would affirm the judgment of the trial court.